69  495
75a 283
75a 603
───────
69     495
90a ¹395
───────
69     495
93a ¹ 87

SAMUEL REYNOLDS

*v.*

CHARLES LAMBERT *et al.*

NEW TRIAL—*on finding as to the facts.* Although this court is reluctant to reverse a judgment, unless there is error upon a question of law, yet it is the settled rule to reverse where there is no evidence to sustain the verdict, or where the verdict is manifestly against the weight of evidence.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, by Samuel Reynolds, against Charles Lambert, Thomas Ferree and Joseph H. Kirby. The facts of the case appear in the opinion.

Mr. JOHN J. GLENN, for the appellant.

Mr. JAMES W. DAVIDSON, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant, against appellees, in the circuit court of Warren county.

The defendants pleaded the general issue, payment and set-off. The cause was tried at the September term, 1872, before a jury, and a verdict rendered in favor of the defendants. A motion for a new trial was overruled, and judgment rendered upon the verdict, and the cause was brought to this court by appeal.

A reversal of the judgment is asked, on three grounds—

*First*—Because the verdict is contrary to the evidence.

*Second*—The court admitted improper evidence.

*Third*—The court erred in modifying the second instruction of the plaintiff.

The suit was instituted by the appellant to recover the amount of a promissory note, dated March 27, 1867, due

January 1, 1868, amount $250, with ten per cent interest, signed by appellees; which note was read in evidence.

The appellees claimed payment of the note. It appears that Ferree, one of the appellees, in the year 1870, was a tenant of appellant, on a farm in Warren county; that he had raised a crop of corn of fifty or fifty-five acres, and was to pay as rent fifteen bushels of corn per acre, delivered in the crib on the farm. He had also built fence for appellant that season to the amount of $100.

Lambert, one of the defendants, testifies that in the fall of 1870 appellant and his son, James A. Reynolds, came to him and said if he would turn over the crop of corn and the work done on the fence, they would give up the note, which he did; that the corn was worth $11 per acre; that appellant held another note against appellees of $375.

John Stein testified that the note was paid; that appellant and James A. Reynolds agreed with Lambert and Ferree to take the crop of corn and give up both notes.

The defendants also called one Duncan, who testified that appellant and his son, James, agreed to take the corn at what it would be appraised at by men; that he was to select one appraiser and they another, and the two men were to value the corn. The two appraisers were selected, but the corn was not appraised.

This was the substance of the evidence relied upon by appellees to establish payment of the note. To rebut this evidence, appellant called James A. Reynolds, who swears the note was not paid. He says there was an arrangement to have the corn appraised, and two men were selected for that purpose, but they did not act; that there were fifty acres of corn, and it would average forty-five bushels per acre. The rent was fifteen bushels per acre. He took the corn at thirty bushels per acre after taking out the rent, and allowed appellees twenty-five cents per bushel, and harvested the corn under this arrangement. The corn thus taken came to $375. He further testified that the fence built by appellees was

worth $90, and that Ferree owed appellant for rent, of the previous year, $174, and for rent that season of eight acres of meadow, at $4 per acre, $32. These two items were first paid, and the balance credited on a note appellant held against Ferree and Lambert of $350, dated October 4, 1866, due in one year, which was read to the jury. Appellant was sworn, and testifies substantially to the same facts as James A. Reynolds.

It is apparent, from the evidence, as disclosed in the record in this case, that appellant had a debt against appellees of about $800. It is also clear that the corn and work of appellees, which appellant had, amounted to only about the sum of $500.

If there was any satisfactory explanation given by the testimony of appellees why appellant should receive $500 and cancel a debt of $800, we would not feel disposed to disturb the verdict of the jury, but on this point we are left entirely in the dark.

There is another fact in the case which is not in harmony with the theory of the defense, which is this: If the notes of appellant were paid, why were they not given up?

Lambert, in his evidence on this point, says the reason he did not take up the note was, they would not give it to him. It is very strange, if he made the contract to pay the note and turned over the property in payment thereof, that appellant would not surrender the note when it was paid.

There is another fact which, to say the least of it, casts a doubt upon the theory that this corn was taken in payment of the note. Duncan, one of appellees' witnesses, testifies that the corn was to be appraised, and that he, for appellees, selected one appraiser and appellant selected another. If this corn was to be taken in payment absolutely of the debt, it is singular appellees offered no explanation why it was that arrangments were made to have it valued by men; but as this cause will have to go before another jury, we do not wish to embarrass a second trial by comment upon the evidence.

32—69TH ILL.

We are satisfied, upon a careful examination of the record, that the verdict is manifestly against the weight of the evidence; and reluctant as we are to reverse, unless there is error upon a question of law, it is the settled rule to reverse where there is no evidence to sustain the verdict, or where the verdict is manifestly against the weight of evidence. *Lowry* v. *Orr et al.* 1 Gilman, 83; *C. B. & Q. R. R.* v. *Gregory,* 58 Ill. 277.

In regard to the other two questions raised by appellant, we are of opinion there was no error, on the trial of the cause, in the admission of evidence or the modification of the second instruction of appellant.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*