ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

PERRY G. CHAMBERS.

71   519
160   324
51a   77
71   519
72a   362
71   519
93a  1  87

1.  NEW TRIAL—*verdict against the evidence.*  Whilst it is true that, where there is a conflict of evidence, the decision of the jury will not be disturbed, especially where the court can see, from the whole case, that justice has been done, yet, where that decision is so clearly against the preponderance of the evidence as to amount to a perversion of justice, it will be set aside.

2. Contributory negligence — *leaping from a train when in rapid motion.* Where a passenger on a railroad train, having a ticket entitling him to stop at a given station, leaps from the train whilst in rapid motion, under the apprehension that he would be carried past his stopping place, his want of care in so doing is such as to prevent his recovering damages for an injury occasioned thereby.

3. Railroads—*liable for carrying passengers past stations.* If a railroad company carry a passenger beyond a station to which he is ticketed, without his consent, and without affording him a reasonable opportunity to leave the train, he has a right of action for whatever damage he may sustain by reason thereof.

Appeal from the Circuit Court of Coles county; the Hon. James Steele, Judge, presiding.

Mr. George W. Wall, and Messrs. Wiley & Parker, for the appellant.

Messrs. Ficklin & Fryer, and Mr. James W. Craig, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action on the case, in the Coles circuit court, to recover damages alleged to have been received by the plaintiff, occasioned by the negligence and mismanagement of the defendant. a railroad corporation, whilst the plaintiff, a passenger on the train, was leaving it. The trial resulted in a verdict for the plaintiff, on which the court rendered judgment, and defendant appeals.

The accident occurred a little after midnight of the 28th of February, 1873.

The only point in the case much pressed is, did the train stop at the station where the plaintiff designed to leave it? On this, there is much testimony, which we have carefully examined and considered, and are of opinion it preponderates greatly in favor of the fact that the train did stop, and at the proper place, at Milton station.

The proof is equally satisfactory that the plaintiff, doubtless apprehensive he would be carried past the station, jumped from the car while it was in rapid motion, and, in so doing, met with the accident of which he complains. We think the proof fully establishes the fact that plaintiff left the train under circumstances which would necessarily, or probably, render such an act perilous. This being so, he can not recover damages for an injury thus brought upon himself, as the injury would be the result of his own want of ordinary care.

The rulings of this court in *Illinois Central Railroad Company* v. *Able*, 59 Ill. 131, are entirely applicable to this case, as, in all its prominent features, there is great similarity.

It was there held, if a passenger, holding a ticket entitling him to alight at a particular station, is carried past such station, without his consent, and without being allowed a reasonable opportunity to leave the train, such passenger has an action against the corporation for whatever damages may have accrued to him by reason of non-delivery at the place for which he was ticketed; and further, it was held, if such passenger voluntarily leaps from the train when in rapid motion, or leaves it under circumstances which would necessarily, or probably, render such an act perilous, and receives bodily injury, he has no cause of action.

The testimony of the conductor and of two brakemen on the train, who were "wide awake" in the discharge of their duties, supplemented by that of A. H. Sutherland, a resident at the station, and of W. McNutt, a farmer residing near the station. is much more satisfactory, on the point of the stopping of the train at the station, than that of the plaintiff in the suit, slightly sustained, as it may have been, by Jacob B. Smith's testimony.

It is the doctrine of this court, as appellee's counsel urge, where there is a conflict of evidence, the decision of the jury will not be disturbed, especially in a case where the court can see, from the whole record, justice has been done. It may be said, interference of this court will only be had to

prevent a plain perversion of justice. *Chicago and Alton Railroad Company* v. *Shannon,* 43 Ill. 338. It is for that reason, and to promote that object, this court now interferes, being well satisfied the verdict is against the great preponderance of the evidence, and is a perversion of justice.

The judgment is reversed.

*Judgment reversed.*