## PETER D. HAWVER.

### *v.*

### HENRIETTA HAWVER

1. SLANDER—*plea of justification, not conclusive evidence of malice.* The fact that a party, in an action for slander, fails to establish the truth of his plea of justification, by a preponderance of proof, is not of itself conclusive evidence of malice. It is sufficient if he believed it was true.

2. Such a defense can only be deemed proof of malice where it appears, from the whole case, that it was made with a malicious intent, and even then it is simply proof, but not conclusive proof.

3. WITNESSES—*husband and wife, when competent for and against each other.* The wife of a defendant is not a competent witness for him, in an action for slanderous words spoken by him of the plaintiff.

4. The husband of a plaintiff, in an action for slanderous words spoken of her, is a competent witness on her behalf.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Mr. JOHN B. LYON, and Messrs. BENNETT & SALE, for the appellant.

Mr. B. N. SMITH, Mr. A. B. COON, and Mr. J. P. CHEEVER, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought for slander. Defendant accused plaintiff of being an unchaste woman. The trouble between them seems to have grown out of family difficulties. Plaintiff is the daughter-in-law of defendant. On the trial, she recovered a judgment, and defendant brings the case to this court on appeal.

Numerous errors have been assigned, but, as the judgment must be reversed for causes occurring on the trial, which are not of a conclusive character, we do not deem it proper, at this time, to discuss the merits of the case.

With the plea of not guilty, defendant filed a plea of justification, and, on the trial, offered some evidence to support it. The court, at the instance of plaintiff, instructed the jury that if defendant failed to establish the truth of the slanderous words set forth in the plea, by a fair preponderance of the evidence, and, at the time of filing the plea of justification, did not file it with a belief it was true, and that he could prove it, then the filing of such a plea is a repetition of the slander, and, consequently, conclusively proves malice on the part of defendant. This is stating the rule of law on this subject too broadly. The fact a party, in an action for slander, may fail to establish the truth of his plea of justification by a preponderance of proof, is not of itself conclusive evidence of malice. It is sufficient if he believed it was true, although he may have been unable to prove it, or that the evidence offered for that purpose was insufficient. Our statute on this subject is, in actions for slander or libel, an unproved allegation of the truth of the matter charged shall not be deemed proof of malice, unless the jury, on the whole case, find the defense was made with malicious intent. R. S. 1874, p. 992, section 3.

It will be perceived the instruction is much broader than the law will warrant. Evidence was offered by defendant to

sustain his plea. It may not have been sustained by a pre-ponderance of the proof, but that fact is by no means conclu-sive evidence of malice. It is only where it shall appear, from the whole case, the defense was made with a malicious intent, it shall be deemed proof of malice. Even then it is not conclusive proof. It is simply proof of malice.

Under the facts of this case, the instruction was calculated to mislead the jury, and it was error in the court to give it.

There was no error in refusing to permit the wife of de-fendant to become a witness in his behalf. By the common law, she was not a competent witness on behalf of her hus-band, in such a case, and no statute of this State has removed the disability.

On the trial, the husband of plaintiff was admitted, against the objections of defendant, to become a witness on her be-half, and that ruling of the court is assigned for error.

The statutory provision is, no husband or wife shall be rendered competent witnesses for or against each other by the first section of the act of 1867, except where the litiga-tion is concerning certain matters specified in the act, and among the objects enumerated is, where the litigation is con-cerning the "separate property of the wife." In such cases, the husband and wife may testify for or against each other in the same manner as other parties may under the act. R. S. 1874, p. 489, section 5.

This is an action for personal injuries done to the plaintiff. The right of action is alone in the wife. According to the definition given in the *Chicago, Burlington and Quincy Rail-road* v. *Dunn*, 52 Ill. 260, this "right of action" is property, and, being the separate property of the wife, it is the exact case specified in the statute when the husband and wife may testify for and against each other the same as other parties.

Another exception is, in cases where the wife, if unmar-ried, would be plaintiff or defendant. That is the case here. Plaintiff is entitled to bring suit in her own name, just as though she was unmarried. The case of *Anderson* v. *Friend,*

71 Ill. ——, is an authority exactly.in point, and is conclusive as to this construction of the statute. Hence, there was no error in admitting plaintiff's husband to become a witness on her behalf.

But for the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*