## CITY OF EAST ST. LOUIS

v.

## MARGARETHA KLUG.

1. CITIES—LIABILITY FOR ACTS OF SERVANTS—WHAT MUST BE SHOWN. —A person claiming damages of a city in consequence of an injury received by reason of the negligence or carelessness of a servant or agent of the city in performing an official duty, in order to a recovery, must show that the person doing the act was the agent or servant of the city in respect to the act done, and that by unskillfulness, negligence or carelessness on his part, the plaintiff received the injury complained of.

2. VERDICT AGAINST EVIDENCE—RULE.—While courts are reluctant to set aside the verdict of a jury whose province it is to pass upon questions of fact, and will not do so where there is conflicting testimony that has to be weighed, though the court may believe the preponderance of evidence against the verdict; yet it is the duty of a court to interpose and set aside a verdict when that verdict is not supported by evidence.

APPEAL from the Circuit Court of St. Clair county; the Hon. WM. H. SNYDER, Judge, presiding.

Mr. R. A. HALBERT and Mr. J. M. FREELS, for appellant; that before the tree in question could have been cut by the city

it must have been declared a nuisance by ordinance, cited Chicago v. Laflin, 49 Ill. 172.

Declaring it to be a nuisance does not make it so: Ewbanks v. Ashley, 36 Ill. 177; Yates v. Milwaukee, 10 Wall. 497; Dillon on Mun. Corp. § 308.

There must be a trial and judgment by a proper tribunal before the city can take the property of a citizen: Bullock v. Goemble, 45 Ill. 218; Willis v. Legris, 45 Ill. 289.

A municipal corporation is not liable for the unauthorized acts of its officers: Trustees v. Schroeder, 58 Ill. 353; Wood on Master and Servant, § 466.

The relation of master and servant must appear: Hale v. Johnson, 80 Ill. 185.

Mr. W. WINKLEMAN, for appellee; that the act done was a lawful exercise of corporate power, and the city is liable therefor, cited Thayer v. Boston, 19 Pick. 515; Chicago v. Turner, 80 Ill, 419; Rose v. City of Madison, 1 Ind. 281.

The tree was a public nuisance: 1 Hilliard on Torts, 661; Grove v. Fort Wayne, 45 Ind. 429; Drake v. Lowell, 13 Met. 292; Day v. Milford, 5 Allen 98; Milford v. Holbrook, 9 Allen 17; Morse v. Richmond, 41 Vt. 435; Baker v. Boston, 12 Pick. 192; Manhattan Fertilizing Co. v. Van Keuser, 8 Kan.

A public nuisance may be abated without trial, notice to the owner, or compensation: Richardson v. Emerson, 3 Wis. 319; Wetmore v. Tracy, 14 Wend. 255; Renwick v. Morris, 7 Hill, 575; Parker v. Mayor etc. of Macon, 39 Ga. 725.

Generally, upon the question of liability: Vanderbilt v. Adams, 7. Cow. 351; 3 Sneed, 20.

ALLEN, J. This was an action of trespass brought by appellee against appellant for an injury to her person.

The declaration charges that the agents and servants of appellant, in July, 1876, in cutting and falling a cottonwood tree that stood on an alley within the city limits, so unskillfully, negligently and carelessly cut the same, that it fell upon the house in which appellee lived and was then staying, and demolished the house and greatly injured the appellee in her

person, and laid her damages at $5,000. Appellant filed a plea of "not guilty."

At the September term, 1877, the cause was submitted to a jury, and a verdict returned for appellee for $1,000 damages. Appellant moved for a new trial. Motion for a new trial overruled by the court. Judgment for appellee for $1,000 and costs of suit. Appeal prayed and allowed to this court.

The evidence tends to show that one Carroll, with the aid of some others, on the 15th of July, 1876, cut a large cottonwood tree that stood near an alley in the city of East St. Louis, and that it fell upon the house of appellee, while she was in the house, broke the house down and severely injured appellee. That it was unskillfully cut, and that no notice was given of danger by Carroll.

To hold the appellant liable in this suit two things must appear from the evidence.

1. That Carroll was the servant or agent of the city, in cutting the tree.

2. That by unskillfulness, negligence or carelessness on his part appellee received her injury.

We think the evidence of his unskillfulness and negligence is sufficiently shown; but was he at the time doing this work as the agent or servant of appellant?

The testimony shows that Carroll sometimes did odd jobs for appellant. That he occasionally took contracts for repairs on streets and sidewalks, but that he had never been in the regular employ of appellant. That he often sought for jobs from appellant. That on the day before this accident occurred, he had cut a tree in another part of the city, but by whose authority is not shown by the evidence.

That on the day before this tree was cut, Carroll, the mayor (Hake) and the city engineer were seen at this tree examining it, and one Burk testifies that while Carroll was cutting the tree on the day it fell, that Mayor Hake and others were present, betting on the size of the tree and the direction it would fall. One Gibbon testifies that he heard Hake tell Carroll on the day before the tree was cut that there was another tree to cut on St. Louis avenue.

City of East St. Louis v. Klug.

This is the substance of the testimony bearing on the point of Carroll's agency or employment by appellant, touching the cutting of this tree. Appellant introduced Hake, who testified that he was mayor at the time. Was informed by some one the day before tree was cut that people in its vicinity wanted it cut. That he and the city engineer went to look at the tree; that Carroll was along. Examined the tree. Said in Carroll's presence would not have tree cut "right then." Told engineer to make up his estimates for work on streets and alleys and lay before the council; that council would meet next day. Never saw Carroll from that time till after tree was cut; never employed him to cut tree; never said anything to Carroll about cutting tree; had no authority to employ him to do such work, and don't know of his employment by any one else to cut that tree. City paid Carroll for cutting elm tree before that time, but was not employed by him to do so, or by any one else to his knowledge. Suppose he cut it and took his chances for getting his pay from city. Was not at tree the day it was cut, or near to it. "Never offered to bet cigars or anything else about its size or way it would fall;" testimony of Burk on that subject absolutely false. Did not tell Carroll day before that there was another tree to cut.

Frand, assistant engineer, was at mayor's most of the forenoon on day tree was cut. Hake was there; was at office all the afternoon till after heard tree fall, and Mayor Hake was in the office. Don't think Mayor Hake could have been at tree the day it was cut without his knowing it. No order for cutting this tree was made by council. Mrs. Cunningham says, saw mayor and engineer at tree day before it was cut. Carroll was near them. Witness asked Hake if he was going to have tree cut. Hake answered: "No, ma'am; I will see about it." Carroll was near by; could have heard what was said. Saw Carroll and others cutting tree next day. Did not see Hake there.

Does this evidence support the verdict? Does it sufficiently show that Carroll was the agent or servant of the city, acting under the direction of appellant in cutting this tree as to support this verdict? We fail to find any such relation as agent or servant from the evidence, and unless such relation between

appellant and Carroll did exist in the cutting of the tree, appellant would not be liable for the injury.

While courts are reluctant to set aside the verdict of a jury whose province it is to pass upon questions of fact, and will not do so where there is conflicting testimony that has to be weighed, though the court may believe the preponderance of evidence against the verdict; yet it is the duty of the court to interpose and set aside a verdict when that verdict is not supported by evidence. Ehrich v. White, 74 Ill. 481; Reynolds v. Lambert, 69 Ill. 495; T. W. & W. R. Co. v. Moore, 77 Ill. 217.

Believing that the evidence in this case, as it appears of record, brings it clearly within the rule laid down in the cases above cited, and that the Circuit Court erred in refusing the motion for a new trial by appellant, the cause is reversed and remanded.

Reversed and remanded.