## Ezekiel B. Moore
## v.
## Matthias Mauk.

1. SLANDER—AFFIDAVIT.—The slander complained of was, that the plaintiff had sworn falsely in an affidavit filed by him in a chancery cause. The preponderance of evidence, under a plea of justification, going to establish the falsity of the facts stated in the affidavit, the verdict is set aside as being against the weight of the evidence.

2. JUSTIFICATION—MITIGATION OF DAMAGES.—If it appears that the defendant, although he cannot fully justify, had reason to believe from the plaintiff's own conduct that the charge was true, then such fact should be considered in mitigation of damages.

3. VERDICT—CONFLICTING EVIDENCE.—If the finding of the jury is manifestly against the weight of evidence, the verdict will be set aside, even where there is some evidence in favor of the verdict, and in actions *ex delicto* courts will interfere with verdicts in order to prevent manifest injustice.

APPEAL from the Circuit Court of Crawford county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. WHITEHEAD & JONES, and Messrs. CALLAHAN, JONES and MAXWELL, for appellant; that if it appear that the defendant, though he cannot fully justify, had reason to believe, from the conduct of the plaintiff, that the charge was true, such fact may go in mitigation of damages, cited Sedwick on Damages, 541; Hawver v. Hawver, 78 Ill. 412; Rev. Stat. Chap. 126, § 3.

Where it appears that the jury were governed by prejudice or caprice in making up their verdict, it will be set aside: Timmons v. Broyles, 47 Ill. 92; Peoria Bridge Asso'n v. Loomis, 20 Ill. 236; City of Chicago v. Smith, 48 Ill. 107; Chapman v. Cowry, 50 Ill. 512; Reno v. Wilson, 49 Ill. 95.

The verdict ought to be set aside, if manifestly against the weight of evidence: Scott v. Plumb et al. 2 Gilm. 595; Keaggy v. Hite, 12 Ill. 99; Baker v. Pritchett, 16 Ill. 66; Miller v. Hammers, 51 Ill. 175; Adams Express Co. v. Jones, 53 Ill. 463; Hibbard v. Malloy, 63 Ill. 471; Puterbaugh v. Crittenden, 55 Ill. 485; Waggeman v. Lombard, 56 Ill. 42; Goodwin v. Durham, 56 Ill. 339; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; Smith

v. Slocum, 62 Ill. 354; Knott v. Skinner, 63 Ill. 239; Reynolds
v. Lambert, 69 Ill. 495; Ill. Cent. R. R. Co. v. Chambers, 71 Ill.
519; St. P. F. & M. Ins. Co. v. Johnson, 77 Ill. 598.

Messrs. WILKIN & WILKIN, DULANEY & GOLDEN, and Mr. J.
C. ROBINSON, for appellee; that a judgment will not be reversed
because of an improper instruction, if other instructions fairly
present the case, cited Warren v. Dickson, 27 Ill. 115; Elan v.
Badger, 23 Ill. 498.

Verdicts in cases of torts should not be disturbed unless they
are grossly erroneous, or the result of passion or prejudice:
City of Ottawa v. Sweely, 65 Ill. 434; Fish v. Roseberry, 22
Ill. 288.

The verdict should stand, if there is evidence to support it even
though the evidence might, in the opinion of this court, justify
a different result: T. W. & W. R. R. Co. v. Moore, 77 Ill. 217;
C. & A. R. R. Co. v. Shannon, 43 Ill. 338.

BAKER, J. This was an action on the case for slander brought
by the appellee against the appellant in the Clark Circuit
Court. The venue was changed to Crawford county, where a
trial was had before the judge and a jury, and a verdict returned
in favor of appellee for $2,000 damages. A motion for a new
trial was made by appellant and overruled by the court, and
judgment was rendered upon the verdict.

The case is brought to this court by appeal, and several errors
are assigned.

The trouble between the parties seems to have grown out of
a church difficulty, which difficulty ripened into a chancery
suit and injunction, wherein Moore was complainant and Dun-
can and others were defendants. In this chancery suit appel-
lee made an affidavit, in which he stated, among other things,
that he had been acting as sexton of the church since August,
1871, and that during all that time he never, as an individual
nor as sexton, refused E. B. Moore the use of the church, but
always opened it and lighted it up when directed by said
Moore to do so, and that during the four years E. B. Moore
never furnished a stick of wood for fuel. Appellant afterwards

charged that appellee had sworn falsely in this affidavit, and hence this suit for slander.

To the declaration filed the appellant pleaded "not guilty," and several pleas of justification averring the truth of the matter charged by him and the falsity of the affidavit; issues were formed on these pleas.

It is assigned for error that the verdict of the jury is contrary to the evidence and contrary to the law and instructions of the court, and that the court erred in overruling the motion for a new trial.

No point is made but that the speaking of one or more of the sets of actionable words stated in the declaration was proven. The real controversy in the case arises upon the special pleas. The court instructed the jury that the appellant, in order to prevent a recovery by the appellee, was only bound to show by a preponderance of the evidence that there were statements made in the affidavit, and to which the pleas applied, that were false, and that it made no difference whether Mauk knew they were untrue or not, and that if the affidavit sworn to by Mauk was in fact false in any one or more of its said statements, then the defense of justification was made out.

We have carefully examined all the evidence in the record bearing upon these pleas, and find that as to at least two of them the weight of the evidence is clearly and greatly in favor of appellant. Three witnesses, Samuel Rusk, Hayden Dougherty and appellant, testify positively to the fact that appellant did furnish wood for the church in the fall of 1874. Nor do we regard the statement of Mr. Walmsley and of appellee that Moore furnished Wood in December, 1875, as at all in conflict with the testimony of appellant and the witnesses who support him, and more especially so when we take into consideration the statements of appellant that he furnished wood at various other times before and after the injunction.

Upon the question as to whether Mauk had ever refused Moore the use of the church, we have upon the one side the testimony of the appellee himself, corroborated, if it can be regarded as corroborated at all, but slightly by the evidence of

one single witness, and upon the other side the positive testimony of Joseph Comstock and appellant, strongly corroborated by the evidence of ten other witnesses, including three witnesses introduced by appellee himself; this, even though we adopt the theory of appellee, that there is a distinction between refusing appellant the use of the church and refusing to let him have the key to get into the church. But it does appear to us that the refusal of the key under the circumstances as detailed by most of these other witnesses, was tantamount to a refusal of the use of the church, and if it is to be so regarded, then appellee is in direct conflict with some nine or ten witnesses when he claims that he never refused Moore the use of the church.

When the evidence is conflicting, courts are always loth to disturb the verdict of a jury; yet even where there is some evidence both ways, if the finding of the jury is manifestly against the weight of the evidence, the verdict will be set aside. Reynolds v. Lambert, 69 Ill. 495; St. Paul F. and M. Ins. Co. v. Johnson, 77 Ill. 598.

Even in actions *ex delicto*, courts will interfere with the verdicts of juries in order to prevent manifest injustice. Smith v. Slocum, 62 Ill. 354; I. C. R. R. Co. v. Chambers, 71 Ill. 519.

It is also assigned for error in this case that the damages are excessive. Even if appellee was entitled to a verdict, there can be no question under the evidence in this case but that appellant believed that the affidavit was false, and that he was sincere and honest in speaking of it as false, and that the conduct and language of appellee himself engendered such honest belief. If it appears that the defendant, though he cannot fully justify, had reason to believe from the defendant's own conduct that the charge was true, then such fact is in mitigation of damages. Sedgwick on Damages, 541.

If the pleas were unproved, yet the filing of said pleas would not be, under the circumstances of this case, proof of malice. Rev. Stat. Ch. 126, § 3; Hawver v. Hawver, 78 Ill. 412.

The fifth instruction given for appellee is complained of. That instruction is in part inartificially drawn, but as it would

not probably mislead the jury, we would not reverse on that account.

We are of opinion that the verdict of the jury in this case is against the weight of the evidence, and contrary to the law and the instructions of the court, and that the damages are excessive,-and that the court erred in overruling the motion for a new trial, and in rendering judgment upon the verdict. The judgment is reversed and the cause remanded.

Reversed and remanded.

ALLEN, J., took no part in the decision of this case.