## L. W. COUNSELMAN ET AL.
### v.
### NICHOLAS WHITEHAIR.

1. COLLISION—ACCIDENT.—From the facts as shown by the evidence, the court is of opinion that the collision was wholly accidental and without fault on the part of defendants. '

2. VERDICT AGAINST WEIGHT OF EVIDENCE.—Where there is no evidence to sustain a verdict, or where the verdict is manifestly against the weight of the evidence, the judgment will be reversed.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed December 21, 1883.

Mr. S. K. DOW and Mr. J. BURNHAM, for appellants; that the burden of proof to show negligence was on appellee, cited Quinlan v. Sixth Av. R. R. Co., 4 Daly, 487; Deyo v. N. Y. Cent. R. R. Co., 34 N. Y. 9; Lane v. Crombie, 12 Pick. 177; Allen v. Willard, 57 Penn. 374; Cotton v. Ward, 98 Eng. C. L. R. 568; Hammock v. White, 103 Eng. C. L. R. 588; Lehman v. City of Brooklyn, 29 Barb. 234; Bigelow v. Reed, 51 Me. 325; Brown v. Collins, 53 N. H. 442; Hunting v. Baldwin, 6 Bradwell, 547.

WILSON, J. This was a suit brought by appellee against appellants, before a justice of the peace, to recover damages for an injury to a carriage, caused by a collision with appellants' wagon.

The case was taken by appeal to the superior court, where it was submitted to the court for trial without a jury, and judgment for the plaintiff for $50 was rendered. The defendants bring the case here for review, and assign as one of the errors that the verdict was against the evidence.

The case was this: One Eddy was driving plaintiff's carriage west on Lake street near Market. Defendants' horse and wagon was also being driven west on the same street, at some distance behind the plaintiff's carriage, when defend-

ants' horse suddenly became frightened, and started to run. The driver endeavored to stop him, but being unable to do so, as he was approaching plaintiff's carriage, he shouted to Eddy to get out of the way. As both were prevented from turning out by a line of passing vehicles, defendants' horse ran against the plaintiff's carriage, doing the damage complained of.

From the facts as shown by the evidence, the collision seems to us to have been wholly accidental, and without fault on the part of the defendants. Their horse was being driven by a competent driver, who testifies that he did his utmost to control him, but without avail. The horse was of good disposition, and had been driven by the man who drove him at the time of the accident, for several months, to all parts of the city, and this was the first time he had ever attempted to run away. We fail to perceive in what respect the defendants were chargeable with negligence, or were in any way at fault.

The rule is settled in this State that where there is no evidence to sustain a verdict, or where the verdict is manifestly against the weight of the evidence, the judgment will be reversed. Reynolds v. Lambert, 69 Ill. 495; T. U. & Western R. R. Co. v. Moore, 77 Ill. 217. The judgment of the court below is reversed.

Reversed.