AARON STOUT<br>v.<br>MATTIE C. ELLISON.

1. TRANSFER TO WIFE.—Where a wife had been living with her husband and on account of cruel treatment left him, and shortly after she returned upon his offer to give her half his store, which alleged transfer was not evidenced by an instrument in writing, acknowledged and recorded as required by statute. *Held*, that such transfer was invalid as against a subsequent purchaser who had no knowledge or notice thereof; that the

Stout v. Ellison.

position that the husband and wife "were not living together " when the transfer was made and therefore the transaction was not affected by the statute, is untenable.

2. WITNESS.—In a suit in relation to the separate property of the wife, the husband is a competent witness.

3. HUSBAND AND WIFE.—The provision of the statute that a married woman may receive, use and possess her own earnings, and sue for the same free from the interference of her husband, has no proper application where a wife cans and preserves fruits, etc., purchased by her husband. The property would remain in the husband.

4. ESTOPPEL.—Where a wife, who was present when the invoice was being made, gave the purchaser of her husband's store to understand by the use of plain and forcible terms, that she would claim nothing but her clothes, which she obtained, she would be estopped from setting up afterward the transfer of a half interest in the store.

APPEAL from the County Court of Randolph county; the Hon. GEORGE L. RIESS, Judge, presiding. Opinion filed October 10, 1884.

This was an action of trover by the appellee against appellant, for a stock of drugs, medicines, etc., and for certain household and kitchen furniture, canned fruit, pickles, preserves, etc.

The case was tried by jury, resulting in a verdict for plaintiff for $251, of which plaintiff remitted $150; and a motion for a new trial having been overruled, judgment was rendered against the defendant for $101 and costs.

It appeared on the trial that appellee is the wife of one E. Ellison; the husband and wife were living together, the former being the owner of the property in question, and that on account of alleged mistreatment the wife left the husband in March, 1883; that soon after he went to her and offered to give her one half of the store if she would return, which she accepted, and returning lived with him until September, when · she again left him for the same reason as before; that in October the husband sold the goods and all the household and kitchen furniture, canned fruits, etc., to appellant; that while the sale was in progress, and while appellant and her husband were making the invoice, the appellee came to the store, and after some unpleasant words with her husband as to what was

Stout v. Ellison.

going on, said to him in the presence of appellant, "all I want is my clothes, and when I get them you can go to Hell with the balance." It is not shown that appellant had any knowledge then, or at any time before the sale, that the wife had or claimed an interest in the property. The household and kitchen furniture, including the sewing machine, were acquired by the husband through the appellee. Appellee says she considered them hers. The fruit, etc., was purchased by the husband, and canned and preserved by the wife. Some time after the sale, and while appellant was in possession, appellee demanded the property, or a portion of it, which demand was not complied with.

Afterward appellant sold the property back to Ellison, the husband of appellee, who owned it at the time of trial.

Messrs. HARTZELL & SIMPSON, for appellant; that in a suit in relation to a wife's separate property, the husband is a competent witness, cited R. S. 1883, Ch. 51, § 5; Mueller v. Rebhan, 94 Ill. 147; Hawver v. Hawver, 78 Ill. 412.

As to estoppel: T. W. & W. Ry. Co. v. Gilvin, 81 Ill. 511; Rozier v. Williams, 92 Ill. 187; Padfield v. Padfield, 78 Ill. 16; Schweizer v. Tracy, 76 Ill. 345; Jenning v. Gage, 13 Ill. 610; M. C. R. R. Co. v. Phillips, 60 Ill. 190; Young v. Bradley, 68 Ill. 553; Brundage v. Camp, 21 Ill. 330; Butters v. Haughwout, 42 Ill. 18; Chicago Dock Co. v. Foster, 48 Ill. 507; O. & M. R. R. Co. v. Kerr, 49 Ill. 459.

Mr. A. G. GORDON, for appellee.

WALL, J. Waiving the question, which is not argued, whether trover will lie upon plaintiff's theory of the case, we think the verdict was erroneous.

The alleged transfer of a half interest in the store from Ellison to his wife was not evidenced by an instrument in writing, acknowledged and recorded as required by Sec. 9, Ch. 68, R. S., and was therefore invalid as against the rights and interests of appellant, who, so far as the evidence discloses, had no knowledge or notice thereof.

Stout v. Ellison.

It is urged by counsel that the husband and wife " were not living together " when the transfer was made, and therefore the transaction was not affected by the statute; but this position is clearly unsound.

The object of the statute is apparent, and it should have a fair and reasonable interpretation, to the end that the purpose of the law may be accomplished.

According to plaintiff's own statement, she had been living with her husband, he conducting the store, when, for the reason assigned, she left him.   Shortly after she returned, upon the offer to give her half the store.   While in a strict sense it may be said that when this offer was made the parties were not living together, yet the transfer was not complete until possession was given, if it ever was, and that act was concurrent with her return and the resumption of their former relations.   During all the subsequent period, when she claims to have exercised acts of ownership over the goods, they were living together.   We are unable to see how, by the most narrow and illiberal construction even, it could be held that the statute does not apply in such case.   We think the transaction is clearly within the letter and spirit of the law.

But were this not so, the plaintiff, who was present when the invoice was being made, gave the defendant to understand, by the use of plain and forcible terms, that she would claim nothing except her clothing, all of which she obtained, and should be estopped from afterward setting up the present demand.

It is suggested by counsel, that the appellant and the husband were not acting in good faith, but were in collusion to prevent the appellee from maintaining her rights.   This view seems not to have been presented below, and may or may not be warranted by the real facts, but we see nothing in the evidence to justify it, and what we have said is upon the assumption that the transaction was in good faith.   The action of the court in excluding the testimony of the husband was erroneous.

The litigation was concerning the separate property of the wife as alleged, and the husband was a competent witness.

Sec. 5, Ch., 51, R. S; Hawver v. Hawver, 78 Ill. 412; Muel-
ler v. Rebhan, 94 Ill. 147.

The instructions given for plaintiff numbered 1, 2, 3, 4 and
5, are subject to exception, because they all ignore the neces-
sity for a written transfer, signed and acknowledged, etc., as re-
quired by the statute already referred to. The sixth instruc-
tion is faulty, because it states a legal proposition not
applicable to the facts, and would mislead the jury.

Because the wife had canned and preserved the fruits, etc.,
purchased by her husband, it did not follow that she thereby
became the owner of the fruits in this canned and preserved
condition, and yet it is assumed by the instruction that this
would be the result.

The provision of the statute, Sec. 7, Ch. 68, that a married
woman may receive, use and possess her own earnings, and
sue for the same free from the interference of her husband or
his creditors, has no proper application in such a case. The
property would remain in the husband. Hazelbaker v. Good-
fellow, 64 Ill. 241; Flynn v. Gardner, 3 Bradwell, 253; Cun-
ningham v. Hanney, 12 Ib. 437.

Other objections are urged with reference to the instruc-
tions given for plaintiff, and the modification of an instruc-
tion for defendant; but we deem it unnecessary to refer to
them.

For the errors indicated the judgment will be reversed and
the cause remanded.