## Willis Johnson, Jr., and A. B. Barteau v. Emma L. McGregor.

1. GAMING—*Suit to Recover Money Lost at.*—The proprietors of a gaming house won of a patron the sum of $270, and his wife sued them to get it back. It appeared that the plaintiff's husband won at the same time, from other parties, the sum of $100. *It was held*, that the amount of her recovery could not be reduced by what he won of other parties.

2. SAME—*Money Lost at—Measure of Recovery.*—In a suit for money lost at gaming, from time to time, a recovery can be had only for such amount as the party bringing the suit has lost, deducting from his losses such amount as the evidence shows he may have won from the other party at such gaming on such occasions. The recovery being for the net loss at any one time or sitting, and not for the net loss of the whole period before the suit was brought.

3. DEMAND—*Not Necessary Before Bringing Suit to Recover Money Lost at Gaming.*—The law does not require a demand to be made before bringing a suit to recover money lost at gaming.

4. WITNESSES—*Husband in His Wife's Suit for Money Lost at Gaming.*—The husband is a competent witness for his wife in a suit by her to recover money lost by him at gaming.

5. *Recovery of Money Lost at Gaming—Each Sitting a Separate*

Johnson v. McGregor.

*Cause of Action.*—The intention of the law under which money lost at gaming can be recovered is to make each time or sitting a complete and separate cause of action, and if the loser does not sue for the same within six months any other person may do so.

6.   SAME—*Statute of Limitations.*—The fact that the parties may have engaged in games subsequent to the "sitting" does not prevent the running of the six months which is necessary to maintain an action by a person other than the loser, nor does the result of the games affect the right to sue, which depends only upon a loss at a time or sitting and the lapse of six months therefrom, without suit by the loser.

**Memorandum.**—Suit to recover money lost at gaming.   In the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding.   Declaration under the statute against gaming; plea of the general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendants.   Heard in this court at the May term, 1894, and affirmed. Opinion filed November 30, 1894.

CREA & EWING, attorneys for appellants.

MILLS BROS. and W. G. COCHRAN, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellees recovered judgment for $810 against the appellant in an action on the case on account of money lost to them in certain games of chance by H. B. McGregor, her husband.   The action was based upon section 132 of the criminal code, which provides that money or other valuable thing so lost "at any time or sitting," amounting in the whole to $10, may be recovered by the loser from the winner, and in case the loser shall not sue within six months, it shall be lawful for any person to sue and recover treble the value, one-half to the use of the county and the other to the person suing.

Appellants contend, first, that the evidence does not sustain the verdict.   The testimony of McGregor tends to show that he lost $270 at "roulette" and "faro" to the appellants, but it is insisted that he won $100 at "poker" which would leave the net loss $170.

The winning at poker appears from the evidence to have been from other parties—or at any rate it does not appear to have been from appellants, though the game was played

in their house.   Therefore, if he lost to them $270 at the games first mentioned, the sum for which they are liable should not be reduced by what he may have won at another game from other parties.   He did not win it from appellants, and it was not at the same "times" or "sittings" when he lost the money to them.   Much of the argument for the appellants is for the purpose of showing that the testimony of McGregor is overcome by his cross-examination and by the contradicting evidence of appellants and other witnesses.

We are not disposed to follow the discussion of counsel on this subject.   After a careful reading of the abstract, with some reference to the record, we think this was a fair question for the jury, depending very much upon the appearance and manner of the various witnesses; and the circuit judge, who also saw and heard the witnesses, having denied the motion for new trial, we are not inclined to interfere with the judgment on this ground.

The evidence was conflicting, and there was enough on behalf of appellee, if believed by the jury, as it evidently was, to support the verdict.

The next point raised in the brief of the appellants is that no demand for the money was alleged or proved.   The statute does not require a demand and no authority has been presented in support of the position.

We are unable to see why in this action for treble the value of the loss any demand was necessary, and are of opinion the Circuit Court properly overruled the point thus made.

It is next objected that the husband of the plaintiff was not a competent witness in her behalf.   By section 5 of chapter 51, R. S., entitled Evidence and Depositions, it is provided that where the wife would, if unmarried, be plaintiff or defendant, and where the litigation shall be concerning the separate property of the wife, the husband may testify in her behalf.   The appellee might have been plaintiff without being the wife of the witness—that is, if unmarried, she might have been the plaintiff, for the statute permits any person to sue after six months from the time of the loss.

The controversy does not concern a right resulting from marriage. Smith v. Long, 106 Ill. 485.

Moreover, when she did sue, she gained a personal right in the demand which was in the plainest sense her separate property. She could not be deprived of it by the action of her husband or any one else, and when she recovers it she may hold and enjoy it free from his interference. On either of these grounds his testimony was competent. C., B. & Q. R. R. v. Dunn, 52 Ill. 260; Hawver v. Hawver, 78 Ill. 412.

It is further objected that the court erred in modifying certain instructions asked by appellants.

The appellants sought to reduce the appellee's demand by showing that at certain times subsequent to the games when McGregor lost the $270, he played with appellants again and won considerable amounts, and by their instructions as presented they wished the court to advise the jury that if, during the period covered by all the games, the money won by McGregor was equal to or exceeded his losses, then the appellee could not recover, but the court modified the instructions by substituting the words " on the same occasion " and " on such occasions " for the words " during the same period," and "during the period covered by such gambling" — thus holding the appellee to the recovery of the net loss at any " time " or " sitting " — but not to the net loss of the whole period before the suit was brought. The statute was designed to punish and discourage gambling by making it unprofitable to the winner.

The construction contended for would lead the other way; for if a subsequent game might reduce the net loss, the winner would escape by so much the liability occasioned by the first game. Hence more gambling would be induced and the demoralization which the statute was designed to prevent or diminish would become the more thorough. The expression in the first line of the section, " at any time or sitting " indicates an intention to make each " time " or " sitting " a complete and separate subject for the penalty thereinafter prescribed, and if within six months from that

"time or sitting" the loser did not sue, any other person might.

Subsequent games could not prevent the running of the six months which is necessary to maintain the *qui tam* action nor could the result of such games affect the right to sue, which depended only upon a loss at a "time or sitting," and the lapse of six months therefrom without suit by the loser. We think the modification complained of was based upon a sound and proper view of the statute. The objection finally made, that the first instruction for appellee was at variance with the modified instructions given for appellants and calculated to mislead the jury, is, we think, without merit. We find no substantial error in the record and the judgment will be affirmed.