## Joseph Elguth v. Josefa Grueszka.

1. Verdicts—*Will be Set Aside When Against the Strong Prepon-
derance of the Evidence.*—Under the rule that verdicts will be set aside
when contrary to the evidence, they will be set aside when against the
strong proponderance of the evidence, especially when apparent injus-
tice has been done.

**Trespass on the Case,** for an assault and battery. Appeal from the
Superior Court of Cook County; the Hon. Theodore Brentano,
Judge, presiding. Heard in the Branch Appellate Court at the Octo-
ber term, 1897. Reversed without remanding. Opinion filed April 8,
1898.

Johnson, Herring & Brooke, attorneys for appellant.

John M. Southworth and John C. Bain, attorneys for
appellee.

Mr. Presiding Justice Shepard delivered the opinion of
the Court.

This cause was in this court once before (57 Ill. App. 193),
upon appeal from a judgment for $500 in appellee's favor,
when it was reversed and remanded for error in the admis-
sion of evidence, and it now comes here again upon appeal
from a judgment for $300, upon a verdict for that sum
obtained at the second trial.

If we were able to discover a sufficient justification for
any judgment at all against the appellant, in the case as
made, we should be exceedingly loth to disturb this second
verdict.

But the evidence, in our opinion, preponderates so greatly
against the right of the appellee to have any judgment
against the appellant as to make it our duty to reverse the
judgment now before us.

The action was for assault and battery alleged to have
been committed by the appellant upon the appellee, a woman.

The evidence disclosed, without contradiction, that the
assault, by whomsoever made, occurred in a shop or store

owned and conducted by appellant's wife, in which appellant had no interest, although at the time in question he was there present.

It is not necessary to detail the circumstances of the quarrel or the extent of the injuries. The only question in that connection that is of any importance in this suit, is whether the appellant was in any degree responsible for the injuries received by the appellee.

The testimony of the appellee stands alone and unsupported upon the main fact upon which her right to a recovery depends. On the other hand, she is explicitly contradicted by the testimony of all other persons who were present and witnessed what occurred—four in number. True it is, that such witnesses consisted of the appellant, his wife, their son and appellant's brother. But, with the possible exception of the one last named, there is nothing in the record except their interest in the result, which manifestly was no greater than that of the appellee, and the testimony of the appellee, that tends to impeach their credibility as witnesses.

The question then arises as to the duty of an appellate tribunal concerning a verdict obtained upon the testimony of the plaintiff alone, where every material fact testified to by her, and upon which her right to recover primarily depends, is particularly denied by four witnesses of equal credibility and equal means of knowing the truth with herself.

At an early day our Supreme Court said : " The rule of law is well established, that, in cases where the verdict of the jury has been given contrary to the evidence or where there is no evidence at all to support the verdict, the court will interfere to relieve the party prejudiced by such finding, by the granting of a new trial. But where there is a contrariety of evidence on both sides, and the facts and circumstances, by a fair and reasonable intendment, will warrant the inferences of the jury, courts will reluctantly, if ever, disturb their verdict, notwithstanding it may appear to be against the strength and weight of the testimony." Lowry v. Orr, 1 Gilm. 70.

And the general rule so expressed has been reiterated and adhered to until it can neither be questioned nor require the citation of authorities to support it.    Illinois C. R. R. Co. v. Gillis, 68 Ill. 317.

But under the rule that verdicts will be set aside when contrary to the evidence, they will be set aside when against the strong preponderance of the evidence, especially where apparent injustice has been done.    Chase v. Debolt, 2 Gilm. 371.

Thus in Chicago, B. & Q. R. R. Co. v. Gregory, 58 Ill. 277, it is said: " If the verdict is manifestly against the weight of the evidence," it should be set aside.

And so it is held in Reynolds v. Lambert, 69 Ill. 495, to be " the settled rule to reverse where there is no evidence to sustain the verdict, or where the verdict is manifestly against the weight of evidence."

The great preponderance of the evidence shows that appellant was not responsible for the injuries received by the appellee, and had no connection with their occurrence, except by being present, and it would be manifestly unjust to him that a judgment, though small in amount, should stand against him.

It being apparent that the appellee could make no better case against the appellant at another trial, the judgment will be reversed, but without remanding the cause.