## William Lonergan v. Kinsella Glass Co.

1. VERDICT—*Upon Conflicting Evidence.*—Verdicts of juries as to where the truth lies in cases of conflicting evidence must stand.

Assumpsit, for merchandise sold and delivered. Trial in the Superior Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

MILFORD J. THOMPSON, attorney for appellant.

KNECHT, BULLARD & ROBLIN, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This was a suit brought by appellee to recover from appellant for a bill of glass furnished and set in a house being constructed by a contractor for the appellant. The contention was whether the glass was furnished upon the

agreement of appellant to pay for it, and if he promised to pay for it, whether such promise was an independent and original one, or was collateral to the promise of the contractor, and therefore a promise to pay the debt of another, and within the statute of frauds and void because not made in writing.

It can not be questioned but that the contractor ordered the glass in the first instance. There was, however, a clear conflict in the evidence whether the glass was furnished under that order, and as to what occurred and was said between the parties to the suit as to whom only credit would be given, and by whom payment would be made, and upon such evidence the jury found in favor of appellee and awarded to it a verdict for the amount claimed.

It is not enough for us to say that the evidence preponderated the other way, for verdicts of juries as to where the truth lies in cases of conflicting evidence must stand, unless from the whole case we can say there was no evidence to sustain the verdict, or it was so manifestly against the weight of evidence as to make it clearly wrong and unjust. Elguth v. Grueszka, 75 Ill. App. 281.

The same evidence upon which the finding that the promise was made by appellee, being sufficient to support such finding, must also be regarded as sufficient to support the other finding. that the promise was an original one, and not within the statute of frauds.

There can be no question as to what the law is, with the fact established that the promise was an original one and not collateral to the undertaking of another, and we will not cite authorities or discuss the question.

The facts were found against the appellant by the arbiter appointed under the law to settle such controversies, and the verdict and judgment must stand.