## W. R. Parsons v. Arthur L. Kemper.

1. VERDICTS—*On Conflicting Evidence.*—A verdict rendered upon a conflict of evidence will not be set aside unless, from an inspection of the record, the court can say that there is no evidence to sustain it, or that it is so manifestly against the weight of the evidence as to make it clearly wrong and unjust.

Assumpsit, for commissions. Trial in the County Court of Cook County; the Hon. WALES W. WOOD, Judge, presiding. Verdict and judgment for plaintiff. Defendant appeals. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

DAVID G. ROBERTSON, attorney for appellant.

W. N. GEMMILL, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from a judgment recovered by appellee for commissions claimed to be due. him for negotiating a loan to appellant from a party who, it is claimed, was willing and able to make the loan, which was, however, never in fact consummated.

The application was for a loan of three thousand dollars. The acceptance, if any, of the application, was for a loan of twenty-two hundred and fifty dollars, and the judgment was for a commission of two and a half per cent on that sum.

Appellant's contentions are confined to two points. First, that the verdict and judgment were contrary to the law and the evidence; and second, that the court improperly instructed the jury.

Whether from the evidence the facts were correctly found, or not, is a matter upon which we might differ with the jury as an original proposition, but with the evidence so conflicting and inconsistent as the record here shows, and

with no appearance of passion or prejudice on the part of the jury, we should not substitute ourselves for the jury and destroy their verdict, unless from an inspection of the record we may say there was no evidence to sustain the verdict, or it was so manifestly against the weight of the evidence as to make it clearly wrong and unjust. Elguth v. Grueszka, 75 Ill. App. 281.

Applying this rule, and taking the facts as found by the jury, there can be no question that the law sanctions the verdict.

There were two instructions given on behalf of the plaintiff, as follows:

"The jury are instructed that if you find from the evidence that the plaintiff in this case was a duly licensed broker, in the city of Chicago, at the time when stated in his evidence, and if you further find that the defendant made application to the plaintiff for a loan and the plaintiff introduced him to one who had the money to loan, and who was ready, willing and able to loan it, and who offered to loan it, then you are instructed that notwithstanding the loan was not accepted for the amount originally asked by the defendant of the plaintiff, yet if the defendant agreed to accept a less amount from the party to whom he was introduced by the plaintiff, then the plaintiff had fulfilled his duty as such broker and is entitled to his commissions, and your verdict should be for the plaintiff."

"The jury are instructed that if you believe from the evidence in this case that through the instrumentality of the plaintiff herein, the defendant was introduced to one ———— Merrill, who was ready and willing and able, and offered to make the loan to the defendant, upon terms acceptable, and agreed to by the defendant, but that the defendant after having so accepted the terms, afterward declined to accept the loan, then you are instructed that if you find that the plaintiff was a regularly licensed broker he is entitled to his commission and your verdict should be for him."

We have carefully considered the argument of appellant's

counsel against such instructions, but fail to agree with him upon his deductions. It is not necessary for a plaintiff to state in the instructions asked by him the defense of the other side.

Had appellant desired to have the jury instructed especially upon the point of whether his agreement or understanding with appellee precluded the latter from charging him a commission, he might have asked for an appropriate instruction upon that point, but he did not do so. There was evidence tending to show an agreement or understanding to that effect, and we will not assume that such evidence, as well as that opposed to it, was not considered by the jury. They should and presumptively did consider it in the absence of any instruction.

We discover no material error in the record, and the judgment will have to be affirmed.