## Etta M. Farquharson and David J. Overholt v. United Typewriter and Supplies Co.

1. SALES—*Bona Fide Purchasers Without Notice.*—Where a vendor sells property and delivers it to the vendee, upon his agreement to give a note for it at a future day with security, a sale of it by such vendee to another party, without knowledge of such arrangement, will pass the title to the latter, and he will hold the property as against the first vendor.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed March 29, 1901.

GEORGE HUNT and J. C. ESSICK, attorneys for appellants.

OTHO D. SWEARINGEN, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee brought suit in replevin to recover a typewriting machine from the possession of appellants, and obtained judgment in the Circuit Court, from which this appeal is prosecuted.

The machine in question was sold and delivered by appellee to a corporation known and doing business under the name and style of the Standard Coal and Coke Company, in accordance with the terms of a written contract, which provided that the title to the machine should remain in the vendor until the purchase money was fully paid. There is no question, and it is conceded by both parties, that in law, this transaction was a conditional sale. Gilbert v. Nat. Cash Register Co., 176 Ill. 288 (294).

The Standard Coal and Coke Company, the purchaser, still owed about forty dollars of the purchase price; but becoming financially embarrassed in June, 1895, and its office rent not having been paid, the machine in question, with other property, was taken by the landlord under a distraint warrant. The president of the Coal and Coke Company, according to undisputed testimony, appealed to appellant Overholt, who is president of the Springside Coal Mining Company, and who agreed to advance money amounting to $150 to pay the rent and release the property distrained, provided the latter was put into his hands as security. This was done on or about June 21, 1895. Not being able to raise the money to redeem, the Standard Coal and Coke Company, the original purchaser of the machine, executed, August 1st following, a bill of sale of the property distrained, including the typewriter in controversy, to the Springside Coal Mining Company, the consideration being the money which had been previously advanced by said company to release the property from the distraint. The machine remained in possession of the latter company until December following, when it was put in possession of appellant Farquharson, to enable the latter to do some work for the last named company; and while in her possession it was seized under the writ of replevin. The issue in the replevin suit was submitted to a jury, which found in favor of appellee, and judgment was rendered accordingly.

We agree with appellee's attorney that "there is only one question to be answered, and that is, was the Springside Coal Mining Company, whom the appellant Overholt rep-

resented, a *bona fide* purchaser of the typewriter machine in controversy," and that the "inquiry will be solely whether the trial court erred in its rulings, and whether the evidence submitted on the trial is of such a character as to sustain the verdict."

We do not find any error in the ruling of the court as to admission of evidence, nor do we think it was erroneous to refuse the instruction which appellants' attorneys insist should have been given. The question was not alone whether the Springside Coal Mining Company purchased the machine from the Standard Coal and Coke Company, but whether such purchase and conveyance was in good faith; and we should not be willing to approve the refused instruction under the conceded state of the facts in this case. If appellant Overholt's company purchased the machine in controversy from the party in possession, who held it under a conditional sale, in good faith, without notice, then said company acquired a good title as against appellee, the original vendor. In Van Duzer v. Allen, 90 Ill. 499 (501), it is said that " where a party sells goods to another and delivers them to the purchaser, although it is agreed the purchaser shall give a note with security at a future day, a sale by the purchaser to another without notice will pass the title to the latter, and he will hold the goods as against the first vendor." (See cases there cited.)

The second point, as to whether there is evidence to sustain the verdict, must, however, be determined against appellee. The contention of the latter's attorney is that "the admitted facts show Overholt and the Standard Coal and Coke Company were not strangers, but had ' traded a good deal ' with each other, and that the presumed sale from said company to Overholt was consummated and goods delivered on June 21, 1895, a bill of sale following six weeks later, August 1, 1895." This is all the evidence pointed out as tending to show that the purchase was not *bona fide.* On the other hand there is the undisputed testimony of Overholt that he never heard of the contract under which appellant sold the machine until after the

present suit was begun, and he states that he "had no knowledge that anything was owing on this machine.    If I had known it I should not have had anything to do with it."    There is no evidence, so far as we are able to discover, contradicting this testimony.    The reason why the bill of sale was not executed until six weeks after the release of the property from the distraint is fully and clearly explained.    While it is the province of the jury to pass upon questions of fact, no verdict should be allowed to stand which has no evidence to support it, and which is directly at variance with undisputed testimony as to the facts.    In such case it is the duty of this court to "interfere to relieve the party prejudiced by such finding."    Elguth v. Grueszka, 75 Ill. App. 281 (282) and cases there cited.

The judgment of the Circuit Court is reversed and the cause remanded.