## THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY

### v.

### JOHN FENTON.

1. EVIDENCE—WHEN DECLARATIONS OF AGENT ARE ADMISSIBLE.—The declarations or admissions of an agent or servant are only evidence where they enter into and form part of the *res gestæ;* they must be made not only during the continuance of the agency but in regard to a transaction depending at the very time; and they must be within the scope of the agency and are admissible only so far as there is authority to make them.

2. EMPLOYER NOT AN INSURER OF MACHINERY USED.—The employer is not bound to provide absolutely safe machinery. He is not an insurer. The law imposes upon him only the obligation to use reasonable and ordinary care in providing suitable and safe machinery, implements and tools.

3. INSTRUCTIONS.—An instruction that does not confine the right of recovery to the defects specified in the declaration is erroneous.

APPEAL from the City Court of East St. Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding. Opinion filed April 13, 1883.

Mr. G. B. BURNETT, for appellant; that the accident to plaintiff was but an ordinary peril of the service he was employed in, cited Wood on Master and Servant, 704; Wonder v. B. etc. R. R. Co. 3 Am. R. 143; T. N. & W. R'y Co. v. Black, 88 Ill. 112; C. & N. W. R. R. Co. v. Ward, 61 Ill. 130; I. B. & W. R. R. Co. v. Flanigan, 77 Ill. 365; Clark v. C. B. & Q. R. R. Co. 92 Ill. 43; C. B. & Q. R. R. Co. v. Abend, 7 Bradwell, 130.

The evidence fails to show any liability on the part of

defendant: I. C. R. R. Co. v. McKee, 43 Ill. 119; Wood on Master and Servant, 704–756; Baliora v. Portland Co. 48 Me. 291; Columbus, etc. R. R. Co. v. Webb, 12 Ohio, 475.

A party injured while attempting to couple cars in motion, can not recover: Muldowney v. I. C. R. R. Co. 39 Ia. 615; Williams v. Cent. R. R. Co. 43 Ia. 396; Marsh v. S. C. R. R. Co. 56 Ga. 274.

Employes engaged in employment known to be dangerous, must exercise a corresponding degree of care: C. B. & Q. R. R. Co. v. Avery, 8 Bradwell, 133; C. & N. W. R'y Co. v. Donahue, 72 Ill. 106; C. & A. R. R. Co. v. Brush, 84 Ill. 570; Penn. Co. v. Lynch, 90 Ill. 333.

The court erred in admitting evidence of what the car repairer said after the accident: Rogers v. McCune, 19 Mo. 570; Ladd v. Congins, 35 Mo. 513; McDermit v. H. & St. Jo. R. R. Co. 73 Mo. 516; Bacon v. Inhabitants, etc. 7 Cush. 586; Luby v. Hudson River R. R. Co. 17 N. Y. 133; Mich. Cent. R. R. Co. v. Gougar, 55 Ill. 503; Mich. Cent. R. R. Co. v. Carrow, 73 Ill. 348.

Instructions must be based upon matters admissible in evidence under the pleadings: I. C. R. R. Co. v. McKee, 43 Ill. 119; C. C. & I. R'y Co. v. Troesch, 68 Ill. 545.

A railroad company is not an absolute insurer of the safe and sound condition of all cars coming over its road: Thompson on Negligence, 982; C. & A. R. R. Co. v. Mahoney, 4 Bradwell, 262; Price v. Henegan, 5 Bradwell, 234; T. P. & W. R'y Co. v. Conroy, 61 Ill. 162; Richardson v. Cooper, 88 Ill. 270; Heyer v. Salsbury, 7 Bradwell, 93; North Chicago Rolling Mill Co. v. Monka, 4 Bradwell, 664.

The proof of knowledge, or that knowledge might have been obtained by the exercise of diligence is essential to a recovery and must be alleged: East St. Louis P. & P. Co. v. Hightower, 92 Ill. 139; C. & N. W. R. R. Co. v. Scheurring, 4 Bradwell, 533; I. C. R. R. Co. v. McKee, 43 Ill. 119.

As to contributory negligence: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Shearman and Redfield on Negligence, § 11.

Mr. JAMES J. RAFTER and Mr. M. MILLARD, for appellee;

as to how objections to the declaration are regarded after defendant 'has failed in a contest on the merits, cited Lusk v. Cassell, 25 Ill. 209; Otto v. Jackson, 35 Ill. 349; Railroad Co. v. McCannon, 41 Ill. 238; Demesney v. Gravelin, 56 Ill. 93; Herrick v. Swartout, 72 Ill. 340; Burker v. Korzier, 80 Ill. 205.

Machinery and cars of a railway company ought to be such as will give reasonable protection to operatives: T. W. & W. R. R. Co. v. Fredericks, 71 Ill. 294.

BAKER, P. J.  This was an action prosecuted by John Fenton, appellee, against the appellant corporation, to recover for personal injuries.  There was judgment below for $8,000.

. Appellee was a yard switchman employed in the yards of appellant at East St. Louis.  On the 30th day of November, 1881, a train of cars that had lately arrived in the yard was being broken up, and the cars distributed; it became necessary to couple two cars together, and appellee stood in a position where he would be between the ends of the cars ready to couple them when they should meet.  As the cars came together, the force of the moving car caused the draw bar of the car at which he was standing to break into three pieces, one of which struck him on the head, knocking him down on the rail, and the wheel of the car passed over his right leg, crushing it, and rendering amputation necessary.

The declaration is framed upon the hypothesis appellant was guilty of negligence in furnishing a draw bar that was worn out and defective. .

On the trial, the court, against the objections of appellant, permitted one Brown, who was a witness for appellee, to testify to what one Gruber, a car repairer, or car inspector (it is uncertain from the testimony which he was) of appellant, told him the day after the accident, as to the condition of the draw bar, and also to testify to what Gruber said about a certain car then standing on the repair track, and a draw bar which was also there, being the car and draw bar that had been the occasion of the injury.  The declarations or admissions of an agent or servant are only evidence when they enter

into and form a part of the *res gestæ;* they must be made not only during the continuance of the agency, but in regard to a transaction depending at the very time; and they must be within the scope of the agency, and are admissible only so far as there is authority to make them. 1 Greenl. Ev. §§ 113, 114; M. C. R. R. Co. v. Gougar, 55 Ill. 503.

If any fact material to appellee rested in the knowledge of a servant of appellant, it should have been proven by his testimony, and not by his mere assertion. The action of the court in admitting proof of these statements was erroneous.

The court, on motion of appellee, gave to the jury the following instruction:

" 2d. The court instructs the jury that it was the duty of the defendant to see that the draw bar of the cars it was using, whether its own or belonging to other companies, was in a safe and sound condition; and if the plaintiff was injured through the negligence of the defendant in this respect, while he was exercising due care himself, he is entitled to recover, and the jury may allow the plaintiff such damage as will compensate him for the injury he has sustained, not exceeding $20,000."

The employer is not bound to provide absolutely safe machinery. He does not warrant the safety and sufficiency of the implements and machinery he furnishes his employes. He is not an insurer. The law imposes on him only the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery, implements and tools. Shearman and Redfield on Negligence, §§ 87, 92, etc.; Thompson on Negligence, p. 982; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417.

The instruction makes the railway company an absolute insurer of the safe and sound condition of all cars coming over its road, whether its own or belonging to other companies. It was manifest error to give it.

Plaintiff's first instruction is also objectionable; it does not confine the right of recovery to the defects specified in the declaration. E. St. L. P. & P. Co. v. Hightower, 92 Ill.

139; C. C. & I. C. R'y Co. v. Troesch, 68 Id. 545; Camp Point Mfg. Co. v. Ballou, *supra.*

It is also urged the declaration is fatally defective; the objection made to it can readily be obviated by an amendment.

For the errors indicated herein, the judgment is reversed and the cause remanded.

Reversed and remanded.