THE CHICAGO WEST DIVISION RAILWAY COMPANY

*v.*

WILLIAM A. BECKER, Admr.

*Filed at Ottawa May 16, 1889.*

1. EVIDENCE—*declarations of person injured—in suit to recover for the injury—whether of the res gestœ.* In an action against a city railway company to recover damages for personal injury to plaintiff's intestate, a boy, causing his death, it was claimed that the boy was thrown from a car and run over. After the boy had got up and walked to the side-walk and had sat down, he stated, in answer to a question as to what was the matter, that the conductor threw him off the car. These statements were admitted in evidence: *Held,* that the court erred in admitting evidence of such statements, as they were not a part of the *res gestœ.*

2. The declarations of a party before his death, not made at the time of the accident in which he received the injury causing his death, nor concurrently therewith, and which fail to explain or characterize the manner in which the accident occurred, are not admissible in evidence.

3. The true inquiry is, whether the declaration is a verbal act, illustrating, explaining or interpreting other parts of the transaction of which it is itself a part, or is merely a history, or a part of a history, of a completed past affair. In the one case it is competent, in the other it is not.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. W. B. KEEP, Mr. EDMUND FURTHMANN, and Mr. H. H. MARTIN, for the appellant:

The test for the admission of declarations as a part of the *res gestæ* is, that they must be so intimately interwoven or connected with the principal fact or event which it characterizes, as to be regarded as a part of the transaction itself. *Lund* v. *Tyngsborough,* 9 Cush. 36; *Lander* v. *People,* 104 Ill. 248; *Waldele* v. *Railroad Co.* 95 N. Y. 275; *Worden* v. *Powers,* 37 Vt. 619; *Sullivan* v. *Railroad Co.* 12 Ore. 393; *Kendrick* v. *State,* 55 Miss. 436; *Cramer* v. *State,* 61 id. 438.

The rule as to the admissibility of declarations in such cases is shown in *Williamson* v. *Railroad Co.* 114 Mass. 148; *Martin* v. *Railroad Co.* 103 N. Y. 626; *State* v. *Pomeroy,* 25 Kan. 349; *Railroad Co.* v. *Mara,* 26 Ohio St. 185; *Bins* v. *State,* 57 Ind. 46; *Commonwealth* v. *James,* 99 Mass. 438; *Adams* v. *Railroad Co.* 74 Mo. 553; *State* v. *Brown,* 64 id. 367; *Forrest* v. *State,* 21 Ohio St. 641; *People* v. *Ah Lee,* 60 Cal. 85; *Roosa* v. *Loan Co.* 132 Mass. 439; *Cerder* v. *Talbott,* 14 W. Va. 277; *Annil* v. *Railroad Co.* 70 Iowa, 130; *Railroad Co.* v. *O'Brien,* 119 U. S. 99; *Railroad Co.* v. *Hawk,* 72 Ala. 112.

Messrs. CAMPBELL & CUSTER, for the appellee:

The declarations of the intestate made immediately after the injury were properly admitted in evidence.   1 Greenleaf on Evidence, (14th ed.) sec. 108; *Railway Co.* v. *Howard,* 6 Bradw. 569; *Commonwealth* v. *Hackett,* 2 Allen, 136; *Elkins* v. *McKean,* 79 Pa. St. 493; *Insurance Co.* v. *Moseley,* 8 Wall. 397; *Entwhistle* v. *Feigner,* 60 Mo. 214; *Harriman* v. *Stowe,* 57 id. 93; *Brownell* v. *Railway Co.* 47 id. 239.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action on the case, brought in the Superior Court of Cook County by the appellee, as administrator, to recover damages for the death of his son Henry J. Becker, a boy between eight and nine years of age, against the appellant com-

pany, which operates a street railway on Blue Island Avenue in the West division of the city of Chicago. Verdict and judgment in the trial court were in favor of the plaintiff. The case is brought here by appeal from the Appellate Court, which affirmed the judgment of the Superior Court.

The boy died on November 29, 1885. The injuries, which caused his death, were received about eight o'clock in the evening of November 28, 1885, on Blue Island Avenue near its intersection with Henry street, and were caused by one of appellant's street cars going southward on Blue Island Avenue. It is charged in the declaration that the conductor of the car pushed the deceased from the front platform, and that the car ran over him.

No witness was produced on either side, who saw the accident, or could testify to the manner in which it occurred. The only testimony in support of the theory that the boy was pushed or thrown from the car, is that of two witnesses, who swear to the declarations made by the boy himself after he was hurt. Two lads named Custy and Burke, the oldest of whom was seventeen years old, were passing along Henry street across Blue Island Avenue when they saw the boy, and noticed that he was injured. Custy says: "I saw the boy on the street; he was on his feet and walked towards the sidewalk; I went to him and asked him what was the matter; he said the conductor took him by the arm and shook him off the car." Burke says: "We were going up on Blue Island Avenue and we saw a little fellow getting up; we ran over to him and asked him what was the matter, and he says the conductor caught him by the arm and threw him off the car." The car had passed on "about a lot south of Henry street," and was going "at a good speed."

Blue Island Avenue is eighty feet wide. The boy rose from the ground in the middle of the street, and walked to the sidewalk on the east side of the street, and sat down. The evidence of Custy tends to show, that the deceased made the

statement about his being thrown from the car, while he was on his way to the side-walk. The evidence of Burke, however, is quite positive to the effect, that the statement was made after the sidewalk was reached. The testimony of Magdalene Elbe tends to confirm what Burke says upon this subject.

The proof as to the declarations of the deceased was admitted by the trial court over the objection of the defendant below. The ruling was excepted to. When the plaintiff rested, the defendant moved to exclude the testimony from the jury, and filed its motion in writing. The motion was overruled, and exception was taken.

We think, that the admission of proof as to what was said by the deceased, under the circumstances thus detailed, was erroneous. The declarations were not a part of the *res gestæ.* They were not made at the time of the accident, nor did they explain or characterize the manner in which the accident occurred. They were not concurrent with the injury, nor uttered contemporaneously with it so as to be regarded as a part of the principal transaction. They were made after the injury was received and were merely narrative of what had taken place. They were spoken by the deceased as his answer, when he was asked "what was the matter." The true inquiry, according to all the authorities, is whether the declaration is a verbal act, illustrating, explaining or interpreting other parts of the transaction of which it is itself a part, or is merely a history or a part of a history of a completed past affair. In the one case it is competent, in the other it is not. (*Mayes* v. *The State,* 64 Miss. 329; *Waldele* v. *N. Y. C. & H. R. R. R. Co.* 95 N. Y. 274; *Lander* v. *The People,* 104 Ill. 248.)

For the error in admitting testimony as to the declarations made by plaintiff's intestate, the judgments of the Appellate and Superior Court are reversed, and the cause is remanded to the Superior Court.

*Judgment reversed.*