## Michael Hellmuth
### v.
## Charles Katschke.

*Master and Servant—Negligence of Vice Principal—Injury to Servant —Fellow-Servant — Evidence — Subsequent Declaration — Res Gestæ— Instructions—Abstract.*

1. An instruction complained of will not be considered by this court unless all the instructions given are set out in the abstract.

2. In an action brought by a servant against his employer to recover for personal injuries alleged to have been suffered through the negligence of a superior servant, this court declines to interfere with the judgment in behalf of the plaintiff.

3. A declaration of a fellow-servant in such case, subsequent to the injury, that he was responsible therefor, is not admissible as a part of the *res gestæ.*

[Opinion filed December 2, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. Case, Judson & Hogan, for appellant.

Messrs. C. C. Wilson and Sydney Stein, for appellee.

Moran, J.   Appellee recovered a judgment for the sum of $1,500 against appellant, for injuries received by being struck by a barrel which fell from a platform, where it was, it is alleged, improperly placed by appellant's foreman.   The evidence tended to show that the barrel which fell on appellee was placed on the platform on the outside of the second story of the cooper shop in which appellee was working; that it was so placed by appellant's foreman, and that shortly after being so placed it fell on appellee while he was in the exercise of proper care, and inflicted upon him the injury for which judgment was rendered.

There was evidence from which the jury might reasonably infer that the barrel was carelessly and improperly placed on the platform by the foreman, and also evidence showing the authority and duty of the foreman, from which they were authorized to find that he was not a fellow-servant of appellee, but that he stood in the relation of superior, and in the place of the master.   The verdict was then justified by the evidence.

Complaint is made that the court refused to admit evidence offered by appellant.   Appellant sought to show by a witness, that one Toms, who was fellow-servant with appellee, came running down from the second story of the cooper shop just after the barrel fell on appellee, and claimed that he, Toms, had thrown a barrel on appellee, and it is now urged that such statement of Toms was admissible as part of the *res gesta*.   It was not *res gesta* at all.   It was not concurrent with the injury, but was made after the barrel fell, and was a mere narrative of what Toms had done.   It would have been clear error to admit such evidence.   Chicago West Division Ry. Co. v. Becker, 128 Ill. 545.   Counsel has made no such abstract of instructions as requires us to examine them for error, under the rules of this court.   Where a point is made on an instruction, all the instructions given by the court to the jury should be set out in the abstract.

We have, however, examined the one instruction abstracted, which it is alleged was erroneous, and we are of opinion that no error is shown.   The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*