# East St. Louis Connecting Railway Company v. E. P. Allen.

1. PLEADING—*Special Pleas in Case.*—To a declaration in case, special pleas are not necessary, as all defenses may be made under the plea of not guilty.

2. EVIDENCE—*Declaration of Employes.*—In general, such declarations of employes are not competent unless made at the time of the accident and directly connected with the main facts.

3. SAME—*Declarations of Employes—Time When made.*—Declarations of employes are not admissible unless shown to be a part of the *res gestae* of the accident, and to have been made in the course of their duties. No inflexible rule can be formulated as to time when the declaration must be made to form a part of the *res gestae* and the authorities are quite conflicting.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge,

presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

### STATEMENT OF THE CASE.

Appellee was traveling along the public highway in a wagon, accompanied by his wife and little child, when, in attempting to cross defendant's railway track at the public highway crossing, defendant's engine, managed and operated by its servants, ran into the wagon, overturned it, and appellee, his wife and child were thrown with great violence upon the ground and the wagon so broken up as to be almost worthless. Appellee and his wife were injured and his child was killed. This suit was brought to recover for his personal injuries and the damage to his wagon.

A verdict in his favor for $200 damages was returned by the jury, and judgment for that amount and costs was entered against appellant, to reverse which it took this appeal.

The first declaration was filed April 1, 1892, against appellant, and was in trespass. On April 12, 1892, appellant filed the plea of general issue and four special pleas to this declaration. The first special plea sets up, that by reason of the careless, negligent and improper manner in which plaintiff drove and managed said carriage, the locomotive by accident, and without fault of defendant, was driven upon and against the carriage, and thereby plaintiff sustained the injuries mentioned. The second special plea avers the place of accident was not a public highway crossing over any railroad of defendant. The third special plea avers defendant did not own, or operate the railroad mentioned in the declaration, and the fourth special plea avers defendant had upon said locomotive a bell, of at least thirty pounds weight, which was rung continuously from a point eighty rods from crossing until it reached the crossing. Leave was granted plaintiff to amend his declaration, and on June 22, 1893, the amended declaration in case was filed without objection, making appellant and two other railway companies defendants, and it consisted of seven counts.

The negligence alleged therein, is, in substance, obstructing the view of plaintiff by permitting cars to be on its sidetrack at the crossing, leaving less than half the width of the highway there open for travel, and in failing to give either of the signals required by the statute and ordinance of the city of East St. Louis, when its engine was approaching said crossing. On September 29, 1893, during the September term of said court, the pleas of appellant were extended to the amended declaration by order of the court, without objection. At the same term, on October 5th, plaintiff demurred to said special pleas on the ground that each amounted to the general issue. On the same date a motion on behalf of appellant was made for a judgment on special pleas, and denied by the court, and said demurrer was sustained to each. Appellant elected to stand by said pleas, and the court dismissed the suit as to the other defendants. The recital in the record there following is, "and issue being joined as to the defendant, the East St. Louis Connecting Railway Company, the court orders that a jury come."

CHARLES W. THOMAS, attorney for appellant.

WISE & McNULTY and GEO. C. REBHAN, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The reversal of this judgment is urged for three reasons, set up in appellant's printed argument. First, because the court erred in sustaining demurrer to special pleas. In support of this contention it is said, this was an action of trespass, and under the plea of the general issue in that form of action, appellant could not avail itself of the defenses set up in the special pleas, but must plead them specially. Hence, they did not amount to a plea of the general issue, and were not obnoxious to the demurrer for that cause. It appears by the amended declaration, filed by leave of the court and without objection, the form of action is changed to case, and the four pleas which had been filed by appellant to the first declaration were extended, that is,

made to apply to the amended declaration, also without objection. After this was done, they became pleas to the action on the case, and the defenses set up could be availed of under the plea of general issue in that form of action, and the demurrer was properly sustained for the cause assigned. It appears also, appellant introduced and had the benefit of all the evidence in its defense it could have had under the special pleas if issue had been joined thereon. The second reason assigned for reversal is, appellee was permitted to testify what defendant's engineer said to him, and Fellows, a witness for appellant, was permitted to testify what members of the engine crew said to him. The objection made to this testimony was, that it was hearsay and not part of the *res gestæ*. Appellee testified that before any of them had been taken out of the wreck, some of the train crew came to him; that he looked up and said to one of them he thought was the engineer: "Why, in the name of God, didn't you give some warning before you slaughter people in this way? Why didn't you ring the bell or blow the whistle?" and he replied, "That ain't no public crossing and we don't have to." Fellows, on cross-examination, testified: "I run up to the place of accident right after it occurred; it was, may be, ten minutes after they had got the boy out. Got there just as soon as they got the boy out." He was then asked if he did not hear the men, or some of them, say when he got there, that they were trying to get over the crossing ahead of the wagon? He answered, " They said they saw it from the west end of the string of cars," and continuing, testified Mr. Allen and Mrs. Allen were still lying under a stock car when he got there. He was then asked if he did not hear the fireman say at that time, that they were trying to get over the crossing ahead of the wagon they had seen from the west end of the string of cars? He answered "Yes." Witness, in response to a question asked by appellant's counsel, pointed out Sweeny, defendant's fireman, as the man.

In support of the contention that this testimony was hearsay and not a part of the *res gestae*, and therefore im-

properly admitted, Vol. 21 Amer. and Eng. Enc. Law, p. 106, is cited. It is there said declarations of employes are not admissible unless shown to be a part of the *res gestae* of the accident, and to have been made in the course of their duties. No inflexible rule can be formulated as to the time when the declarations must be made to form a part of the *res gestae*. In general, such declarations are not competent unless made at the time of the accident, and directly connected with the main facts. Authorities cited in support of the text are quite conflicting. Many of them would support the contention of appellant, many others would sustain the ruling of the trial court in admitting the testimony objected to. Among the latter citations are: Keiser v. Chicago, etc. R. Co., 66 Mich. 390; Wormsdorf v. Detroit R. etc., 75 Mich. 472; Kaveter v. Manhattan R. Co., 59 Hun (N. Y.) 623; Hermes v. Chicago R. R. Co. (Wis. 1891), 50 N. W. Rep. 584. All the cases cited are cases decided by courts of other States, and counsel for appellant have referred us to but one Illinois case—Chicago, etc., R. R. Co. v. Becker, 128 Ill. 545. In that case the declarations held to be inadmissible were those made by the boy who was killed. They were made shortly after the accident, when the car he had been riding on was proceeding on its trip, and had gone some distance from the place of accident. They were not declarations made by employes, or in their presence. The case of Quincy Horse R. R. Co. v. Gneuse, 137 Ill. 269, seems to be in point, and under the facts proven in this case is against the theory of appellant. It was claimed in that case the court erred in allowing the witnesses to testify what the driver said after the car stopped. When the statement was made the car had just stopped, and the boy was still under the car. It was held that under such circumstances what was then said was admissible as part of the *res gestae*. In view of the authorities we have referred to and others we have examined, the testimony of appellee and Fellows was properly admitted. The declarations they testified to were made at the time of the accident and directly connected with the main facts.

The third reason assigned for reversal is the failure to prove by a preponderance of the evidence appellee was using due care, and that the engine bell was not ringing. Appellee testified he looked up and down the track and listened to discover if a train was approaching the crossing. His view of the track was obstructed by the cars on each side of the crossing, leaving a space of less than twenty feet of the highway, but if his evidence is true, he used all due care for his personal safety. He is contradicted on this point by Susan Lias. She said Allen was looking south, but his wife and the boy were facing the railroad and Mrs. Allen could have seen the engine. It is hardly probable this wife and mother saw the engine and permitted her husband to carelessly drive in front of it at the peril of his life, and the lives of herself and child. In addition to this and other improbabilities appearing in the testimony of this witness, she was contradicted on material points by other witnesses. The jury, in our judgment, had good reason for discrediting her testimony and believing that given by Allen, which established the fact he was using due care as averred.

The evidence as to the ringing of the bell was conflicting, as it is in all this class of cases, but it was the province of the jury to settle this conflict and give credit to the testimony of those witnesses they believed best entitled to credit. We have no doubt they performed this duty honestly, and decline to disturb their verdict. The judgment is affirmed.