## Joseph Elguth v. Josefa Grueszka.

1. Res Gestae—*Declarations, When Not.*—Declarations which are narrative of what has happened, however recently, are not *res gestae.* So when a witness was permitted to state that at his door, seventy-five feet away, he saw the plaintiff with blood dripping from her nose and lips, and asked her what was the matter, to which she replied, pointing to the defendant, "that peddler, he struck me severely," *it was held* error.

Memorandum.—Trespass for assault and battery. Appeal from the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed December 20, 1894.

Johnson, Herring & Brooke, attorneys for appellant.

John M. Southworth, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellee sued the appellant for assault and battery. On her behalf, over the objection and exception of the appellant, the court permitted a witness to state that at the

door of his place of business, seventy-five feet from the appellant's store or shop, the witness saw the appellee, blood dripping from her nose and lips, and asked what was the matter, to which she replied, pointing to the appellant's place, "that peddler, he struck me severely."

Without that testimony it is impossible to say that the appellee would have obtained a verdict; and the admission of that was error.

That question was in Carter v. Carter, 37 Ill. App. 219–223, which being affirmed without mention of that question, but with a statement that other alleged errors are not deemed important, is a reiteration of Chi. W. D. Ry. Co. v. Becker, 128 Ill. 545. That many cases from other States can be cited in favor of admitting such testimony is not to the purpose.

C., B. & Q. R. R. v. Johnson, 36 Ill. App. 564, and O. & M. Ry. v. Cullison, 40 Ill. App. 67, also hold that declarations which are narrative of what has happened, however recently, are not *res gestae*.

In East St. Louis Ry. v. Allen, 54 Ill. App. 27, the Appellate Court of the Fourth District has made a contrary decision, based upon Quincy Horse Ry. v. Gruse, 137 Ill. 264; but referring to that case as reported in 38 Ill. App. 212, and comparing the two reports, it is probable that the declaration of the driver of the car, there admitted, which was made while the injured boy was still under the car, was one showing that the driver was then drunk, and not a statement of anything which had before happened.

We can not regard that decision in the Fourth District as authoritative. Reversed and remanded.