East St. Louis Electric St. Ry. Co. v. Burns.

---

## East St. Louis Electric St. Ry. Co. v. John Burns, Adm'r.

1. ESTOPPEL—*Confessing a Motion for a New Trial.*—A plaintiff who confesses a defendant's motion for a new trial, does not confess that he has no cause of action by doing so. He simply consents to the defendant's request and the order granting the motion is not a judicial determination of anything.

2. INFANCY—*Age of Competency.*—The question as to whether a boy between eight and nine years of age is competent to determine for himself what, if any, acts or omissions on his part are negligence, is one which the court can not determine; it is the province of the jury to determine it, from all the evidence before them, taking into consideration their own experience as to what can reasonably be expected from a boy of that age.

3. RES GESTÆ—*As to Accidents.*—Whatever took place at the car when the accident occurred is a part of the *res gestæ* and proper to be admitted in evidence.

4. ATTORNEYS—*Conduct in Court.*—Counsel should at all times be respectful to the court and jury, for upon the good conduct of counsel depends, in a large degree, a proper administration of justice.

Trespass on the Case, for personal injuries. Trial in the City Court of East St. Louis; the Hon. BENJAMIN H. CANBY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this

court at the February term, 1898. Reversed and remanded. Opinion filed August 31, 1898.

STATEMENT.

Appellant operates an electric street railroad along Converse avenue in East St. Louis. The street runs nearly east and west and is crossed at right angles by Fourth, Fifth and Sixth streets. At the corner of the avenue and Fourth street is a school house, in the rear of which is a yard, used by the scholars attending school as a playground, and beyond the gate is an alley running from Fourth to Fifth street.

Deceased, a boy between eight and nine years of age, attended the school, and at recess in the afternoon of a day in September, 1896, he and a number of other boys began the play of "catch," or "tag," and deceased, being ahead, ran, with the other boys after him, out of the yard and up the alley to Fifth street, and from Fifth street turned into Converse avenue, and immediately on turning into the avenue he was struck by a motor car coming toward him and killed.

The motorman testified he saw the boy when he was thirty-five or forty feet distant from the car running toward the car, which was running between three and four miles an hour.

Deceased left a father, mother, two brothers and a sister surviving him, and this action is brought to recover damages to their means of support.

The case has been tried twice. The verdict on the first trial was for $487.50. On the return of the first verdict, the defendant filed a motion for a new trial, for reasons stated as follows: First, the damages awarded by the jury are excessive. Second, the court refused to instruct the jury at the close of plaintiff's testimony to find defendant not guilty. Third, the court refused to instruct the jury, at the close of all the testimony, to find defendant not guilty."

This motion the plaintiff confessed. Before the second

trial, defendant entered a motion for judgment for defendant, on the ground that plaintiff, by confessing the motion for a new trial, had confessed he had no cause of action, but the court denied the motion. The verdict at the last trial was for $2,783.33, but the court required the plaintiff to remit $783.33, and entered judgment for $2,000.

CHARLES W. THOMAS, attorney for appellant.

M. MILLARD and F. C. SMITH, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

Appellant has assigned a number of errors, but all of them except the second are really embraced in the first, which questions the ruling of the court in not entering judgment for defendant, by virtue of plaintiff's confession of defendant's motion for a new trial.

The contention of appellant's counsel seems to be that since the causes of appellant's motion for a new trial were specially stated, and the motion was confessed, and the whole proceeding made a part of the record by a bill of exceptions, an estoppel of law was thus created against appellee.

The point is a novel one, and the only authority to which we are referred in support of it is Metropolitan West Side Elevated Railroad Co. v. Minnie White et al., 166 Ill. 375. We are unable to see wherein that case supports the contention insisted upon. By confessing defendant's motion, plaintiff simply consented to defendant's request for a new trial, and the order granting the motion was really not a judicial determination of anything.

The second error assigned questions the ruling of the court in denying defendant's motion for a new trial. One of the points made in the motion was the refusal of the court to instruct the jury to find for the defendant.

This instruction was based upon the assumption that the boy was guilty of such contributory negligence as precluded a right to recover. The question whether the boy

was competent to determine for himself what, if any, acts or omissions on his part were negligence, was one which the court could not determine; but it was the especial province of the jury to determine it, from all the evidence before them, taking into consideration their own experience as to what could reasonably be expected from a boy of his age.

The court did not err in refusing the instruction.

Plaintiff was allowed to prove by one or more witnesses that no bell was rung on the car, but afterward other witnesses of plaintiff were not allowed to testify, because of defendant's objection. We do not regard the question as to whether a bell was rung of any particular importance. Plaintiff claimed nothing, either in his declaration or instructions, because of it. Whatever took place at the car when the accident occurred, was a part of the *res gestæ* and proper to be admitted in evidence.

The court properly refused defendant's instructions telling the jury that there is no law in this State in regard to the speed electric cars may be run, or that requires a bell or gong to be sounded at street crossings. Had the instructions been confined to statutes or ordinances, they might have been proper; but as offered, they were misleading: since the jury might have inferred that the law permitted such cars to be run at any speed in a populous city and without any notice of their approach to street crossings.

It is urged by appellant that appellee's counsel, in arguing the case to the jury, called certain of the jurors by name and personally addressed his remarks to them, and that such act was error. Who or how many of the jurors were so addressed, or what counsel said to them, does not appear, and we have no means of telling whether the remarks were proper and such as should have been allowed during the trial or otherwise, but the presumption is they were.

Counsel should at all times be respectful to court and jury, for upon the good conduct of counsel depends in a large degree a proper administration of justice.

It is finally insisted that the damages are excessive. It must be conceded that they are larger than the usual verdicts in this class of cases, and it does not seem to us that the jury could have fully considered and been guided by the law, as given to them by the court, and which it was their duty to follow.

Here are two verdicts of two juries, on substantially the same state of facts. The first is for $487.50, and the last is for $2,783.33. We are at a loss to account for the difference, unless it can be attributed to passion. Nothing can be recovered for pain and suffering by deceased or for loss of affection and society by surviving relatives.

The evidence as to amount of damages is so meager and the difference in the amounts as found by the respective juries is so great as to evidence want of proper consideration of that question; under the evidence contained in the record, we are not satisfied with the amount of damages as finally fixed by the judgment of the court, and we are of the opinion that the case ought to be submitted to another jury, and that the court erred in overruling defendant's motion for a new trial; for this error the judgment is reversed and the cause remanded.