## Swift & Co. v. Jesse Griffin, Adm'r.

1. EVIDENCE—*What is Not a Part of the Res Gestæ.*—Evidence of a conversation had with the foreman under whom deceased worked, about a week after the death of deceased, and of a conversation with the foreman before the injury which caused the death occurred, are not a part of the *res gestæ.*

2. SAME—*As to What Deceased Told Witness Inadmissible.*—Evidence as to what the deceased injured party told the witness as to a material fact is inadmissible.

3. INSTRUCTIONS—*That Proving Certain Acts Charged Proves Negligence, Erroneous.*—An instruction which states in effect as matter of law, that proving the acts charged proves negligence, is erroneous.

4. SAME—*Mentioning Amount of Ad Damnum Not to be Commended.* —The practice of mentioning the amount of the *ad damnum* in the instructions as to the measure of damages is a practice not to be commended and justly deserving of criticism.

5. NEGLIGENCE—*Where Acts Charged in Declaration Do Not Establish Negligence Per Se.*—Where acts are charged in a declaration which are not of such character as will establish negligence *per se*, then the jury must not only determine from the evidence whether the acts were committed, but must also determine the question as one of fact whether such acts, though committed, do under all the facts and surrounding circumstances, constitute negligence.

Trespass on the Case.—Death from negligent act.    Appeal from the City Court of East St. Louis; the Hon. PAUL McWILLIAMS, Judge presiding.    Heard in this court at the February term, 1903.    Reversed and remanded.    Opinion filed June 15, 1903.

A. & J. F. LEE and C. E. POPE, attorneys for appellant.

W. P. LAUNTZ and A. R. TAYLOR, attorneys for appellee.

OPINION PER CURIAM.

This was an action on the case in the City Court of East St. Louis, by appellee against appellant, to recover for a personal injury resulting in the death of appellee's intestate.    Verdict and judgment in favor of appellee for $5,000.

At the close of all the evidence, appellant's counsel moved court to exclude all the evidence and direct the jury to return a verdict in favor of appellant.    The court denied the motion and counsel strenuously insist here that this

action of the trial court is manifest error. In this we do not agree with counsel, and as the case must be reversed and may be tried again, we deem it unwise to enter upon a detailed discussion of the evidence.

One of the material contested issues of fact upon the trial of the case was as to whether deceased of his own accord went from the place where he usually worked to the place where he was injured. Upon this issue, the court, over objection of appellant's counsel, permitted a witness to testify to a conversation had with the foreman under whom deceased worked, about a week after the death of deceased. Upon another contested issue of fact, the court, over objection, permitted a witness to testify to a conversation with the foreman before the injury which caused the death occurred. These conversations were in no sense parts of the *res gestæ;* the foreman was not a party to the suit and his statements, under the circumstances, could not bind appellant. These conversations were not received by way of contradiction, but as substantive evidence in chief. Another witness was permitted to testify to what deceased told him as to a material fact; and still another was permitted to testify as to the condition of fog and light at the place of the injury. The admission of the above mentioned as evidence was wholly erroneous and highly prejudicial.

Counsel for appellant complain, and we think not without cause, of the persistence of counsel for appellee in asking and repeatedly asking improper questions, apparently for the mere purpose of impressing upon the minds of jurors, as material facts, circumstances not material to any proper issue in the case, and calculated to prejudice and mislead the jury. Where such conduct on the side of the successful party appears in a record, the case comes before a court of review in a much less favorable light than it otherwise would.

Complaint is also made of the conduct of the mother of deceased before the jury. If this conduct was as charged by counsel, it is not likely to be repeated on another trial,

and out of respect to the relation she bore to the dead boy, we forbear further comment upon the incident.

Many of the statements of counsel for appellee in his closing argument before the jury were wholly unwarranted by anything in the record and were highly prejudicial. Where counsel in his closing argument makes such statements and adopts such lines of argument as were made and adopted in this case, and the trial judge lends it his sanction by failing to rebuke, when objection is made, a court of review can never feel sure that the verdict returned is the judgment of the jury upon the law and the evidence.

Exception is taken to the first instruction given by the court on behalf of appellee. The instruction is as follows:

" If the jury find from the evidence in this case that Leroy Griffin, mentioned in the evidence, was on the first day of January, 1901, in the employ of the defendant, at premises mentioned in the evidence; and that the defendant was using the bench or platform mentioned in the evidence for its employes (including said Leroy Griffin), while in the discharge of their duties; and if you further find from the evidence that in said bench or platform there was an opening or hole, and that said opening or hole in said bench or platform rendered the work of Leroy Griffin dangerous, and that said Leroy Griffin was liable to fall into said hole and sustain injuries while at and about the work of his employment; and if the jury find from the evidence that said platform with said opening in it was a defective appliance and unfit and insecure for the use to which the defendant was applying it, because of said opening; and if you further believe from the evidence that the defendant by its officers and agents knew, or by the exercise of ordinary care would have known of said defective condition in time to have repaired the same and averted said injury to said Leroy Griffin, and neglected so to do; and if the jury further find from the evidence in this case, that on the first day of January, 1901, said Leroy Griffin was on said platform, in the due discharge of the duties of his said employment, and while using and exercising ordinary care in the discharge of his said employment and for his own safety, he slipped and fell into said opening in said platform, and that thereby he was caused to stick a knife into his neck and so wound himself that he died from the injury on the said day; and if you further find from the evidence that the

said Leroy Griffin left surviving him his father and next of kin depending upon him for support, then the jury should find the defendant guilty."

The instruction is erroneous, in this: it states in effect as matter of law, that proving the acts charged proves negligence. We recently discussed that question at some length in I. C. R. R. Co. v. Behrens, 101 Ill. App. 33. In that case, among other things, we said:

"It is the status, negligence, that creates the liability. Negligent acts may or may not constitute negligence. It is usually an open question for the jury to determine whether, in a given case, the alleged acts, if proven, do in fact constitute negligence."

Where acts are charged in a declaration which are not of such character as will establish negligence *per se*, then " the jury must not only determine from the evidence whether the acts were committed, but must also determine the question, as one of fact, whether such acts, though committed, do, under all the facts and surrounding circumstances, constitute negligence." The instruction does not submit this ultimate question of fact to the jury for their determination. It assumes the existence of negligence upon proof of the acts and conditions charged. Such assumption is only warranted where the acts and conditions charged constitute negligence *per se*, and such is not the case here. The other objections urged against this instruction we think are not well taken.

Appellee's fourth instruction is as to measure of damages and states, " not exceeding $5,000." It has been suggested in a number of cases in both the Appellate and Supreme Courts that such statement by the court in an instruction might tend to mislead the jury, as indicating the opinion of the court that the sum named would be about the proper amount. However, though frequently criticised, we have not been referred to any case in which the giving of such an instruction has been held to be reversible error. We think the practice of mentioning the amount of the *ad damnum* in the instructions as to measure of damages is a

practice not to be encouraged and justly deserving of criticism.

The judgment of the Circuit Court is reversed and the case remanded.