THE CHICAGO CITY RAILWAY COMPANY

*v.*

CATHERINE MCDONOUGH, Admx.

*Opinion filed April 17, 1906.*

1. TRIAL—*when peremptory instruction is properly refused.* An instruction to direct a verdict for the defendant street car company is properly refused under evidence tending to show that the car which struck the fire engine on which the deceased was proceeding to a fire in the discharge of his duty was running at a high rate of speed, was not under control when approaching the street crossing, and the servants in charge did not ring the bell or exercise the care which the situation demanded.

2. SAME—*when question of contributory negligence is properly left to jury.* Whether the deceased was guilty of contributory negligence is properly left to the jury under evidence that the deceased and the defendant's employees were familiar with the defendant's rules requiring its street cars to give the right of way to the fire department, and that a hose-cart ringing its gong had preceded the fire engine on which deceased was riding, and which was struck by defendant's car as the deceased was discharging his duty in proceeding to a fire with all possible speed.

3. EVIDENCE—*when evidence of statement of motorman is competent.* A remark made by the motorman to a person who was attempting to flag the car in time to prevent a collision with a fire engine, which collision occurred almost immediately after the remark, is so closely connected as to be competent when the person to whom it was made is testifying as to his attempt to prevent the collision.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county against the appellant, in favor of the appellee, for $5000 damages for negligently causing the death of appellee's intestate.

From the evidence it appears that the deceased, Bernard McDonough, was a lieutenant of one of the fire companies of the city, of Chicago; that at about 10:30 o'clock of the night of September 27, 1900, an alarm was received at the engine house at which he was stationed, of a fire at the corner of Fifty-first street and Center avenue, about one mile distant; that the hose-cart and engine started for the fire, the hose-cart, in charge of the captain of the company, preceding the engine, which was in charge of appellee's intestate; that besides McDonough there were three other men on the engine,—the driver, who occupied the seat with McDonough and who acted under his instructions, and two firemen; that McDonough directed the course to be taken and attended to the ringing of the gong; that the hose-cart and engine proceeded east on Forty-seventh street to Marshfield avenue, south on that street to Fifty-first street and east on Fifty-first street to its intersection with Ashland avenue, Ashland avenue being the first north and south street east of Marshfield avenue. At this point the rear end of the engine was struck by an electric motor car belonging to appellant going north on its track on Ashland avenue, and all four men were thrown from the engine upon the ground by the force of the impact, McDonough being so severely injured that he died from the result thereof three days later.

The declaration as originally filed contained eleven counts, to which the general issue was pleaded. At the close

of plaintiff's testimony the court instructed the jury that the plaintiff had failed to make a case under the fourth, fifth, seventh, eighth, ninth, tenth and eleventh counts of said declaration. The first count charged a duty to run and operate the said car at a moderate and reasonable rate of speed in approaching and passing over said crossing at night, and a breach thereof; the second count charged a duty to carefully and properly cause said car to be run under control in approaching and passing over said crossing, and a breach thereof; the third count charged a duty to cause a bell or a gong on said car to be rung or sounded just before said car ran upon said crossing, and to keep the gong sounding while said car was approaching said crossing, and a breach thereof; and the sixth count charged a duty to watch for the approach or passage of fire engines upon the street and to avoid running said car into said engines, and the exercise of care to see that said crossing was clear for the passage of said car, and a breach thereof.

A large number of witnesses testified in the case, and upon some points there is a sharp conflict in the evidence, appellee's witnesses contradicting appellant's on most material points. From appellee's testimony it appeared that McDonough was fifty-one years of age at the time of his death; that he left a wife and five children surviving him; that McDonough had been a member of the fire department of the city of Chicago for twenty-two years; that the engine upon which he was riding was moving rapidly down Fifty-first street at the time of the accident, and that by reason of the fact that buildings were built to the street line upon each side of said street it was impossible to see the approaching car until virtually upon the tracks, and that the driver did not, in fact, see the car until he was on the track; that the gong was being sounded on the engine; that the noise of its approach, and of the hose-cart which preceded it, was such as to attract the residents of the neighborhood to the scene, and that a man and a boy separately attempted to flag the approaching

car. One witness testified positively that the bell of the motor car was not rung, and a number of witnesses testified that they heard no bell sounded on the car. The rules of appellant required its servants in charge of motor cars to yield the right of way to the fire department of the city of Chicago, and both McDonough and the motorman were familiar with these rules. It appears the car was traveling at a high rate of speed, and that no change was made in its speed upon approaching Fifty-first street.

The errors assigned and argued as grounds for the reversal of this case are: First, that the trial court erred in not taking the case from the jury by a peremptory instruction; second, the admission of improper evidence on behalf of the appellee; third, that appellant did not have a fair and impartial trial, by reason of misconduct on the part of appellee's attorney and improper remarks by the court; and fourth, improper instructions given on behalf of appellee.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

I. T. GREENACRE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The errors assigned will be considered in their order.

Appellant contends that the trial court erred in not taking the case from the jury by a peremptory instruction, which instruction was offered at the close of appellee's testimony and at the close of all of the testimony, for the reason that the evidence did not show appellant was guilty of the negligence charged in the declaration, and that it did appear from the evidence that the accident was caused by the contributory negligence of appellee's intestate. This necessitates an examination of the record for the purpose of ascertaining whether there is evidence fairly tending to prove appellee's case as laid in the counts of her declaration upon

which the case was submitted to the jury. There is evidence in this record fairly tending to prove that the motor car causing the accident approached said street intersection at a high rate of speed, without notice of its approach being given by the sounding of the gong or the ringing of the bell provided for that purpose; that the car was not under control while approaching the crossing or at the time it reached it; that the motorman was not exercising the care the situation demanded to avoid accident at the time of the collision, and that appellant was guilty of the negligence charged in the first, second, third and sixth counts of the declaration.

It is then insisted that even though appellant was guilty of negligence, the contributory negligence of the deceased in permitting the engine to approach said track at the speed he did was such as would prevent a recovery. The evidence shows that McDonough knew the rules of appellant's company as to yielding the right of way to the fire department. He had been preceded by the hose-cart, giving notice of its approach by sounding its gong, and the gong of the engine was being sounded by himself. It was his duty to proceed to the fire with all possible speed within the law. What might be unlawful speed in one locality might not in another. The question of the contributory negligence of appellee's intestate was, under all of the circumstances of this case, one for the jury. This court is not permitted to pass upon the credibility of the witnesses or the weight or preponderance of the evidence. Such questions are finally disposed of by the judgment of the Appellate Court.

The trial court did not err in submitting to the jury the question of the alleged negligence of the appellant and the claimed contributory negligence of appellee's intestate.

Under the next assignment of error it is first urged that the trial court erred in refusing to strike from the testimony of the witness Murphy a statement as to what the motorman said to him at the time he attempted to give warning of the approach of the engine and the danger of collision. The

statement complained of is contained in the witness' answer to a question intended to elicit what he did by way of warning the motorman of the approach of the engine, and is: "I started waving my hat and hands and hollering for him to stop, and he told me to go to hell out of there or he would run over me." It appears from the evidence that almost immediately thereafter the accident took place. It was competent to prove that warning of the approach of the engine was given to appellant's servant in charge of the motor car and how such warning was received, and where, as in this case, the accident followed almost immediately, the reply of the motorman to such warning was sufficiently closely connected with the thing done to make it competent.

It is next urged that the trial court erred in permitting two of appellee's witnesses to testify that the car was moving at "full speed" at the time of the collision. Other witnesses testified more specifically as to the speed at which the car was moving, and it would seem that these words must have been understood and taken to have meant what they are commonly used to express,—not the highest speed possible for the car to travel, but the highest speed usually traveled by such cars.

It is next argued that it was error to admit in evidence certain rules of appellant. It is not contended that the portions of the rules applicable to this case were not admissible, and if they had been, as the evidence shows that both the motorman and the deceased were familiar with the rules requiring that the fire department be given the right of way, they were clearly admissible as bearing upon the question of the contributory negligence of deceased in permitting the engine to approach the crossing at the speed he did. As to the rules not applicable, we cannot see how they could have in any way injured appellant or have been construed by the jury to have had any bearing upon the case. The jury were instructed that the rules were not admitted as substantive grounds of recovery, but only as bearing upon the care exercised by the appellant's employees.

As to the third objection, that of misconduct of appellee's attorney, it appears that in his opening statement he started to state to the jury certain facts which were improper and had no legitimate bearing upon the issues to be tried, and that he was interrupted by objection by appellant's counsel, which objection was sustained by the court and the jury were immediately instructed to disregard such statement, and the remarks of the court complained of were made in reply to and were provoked by the statements of appellant's attorney. These and the other matters relied upon to sustain this objection are not of such a character as will necessitate a reversal of the case.

Appellant asked forty-five instructions, thirty-nine of which were given as asked, two were modified and four refused by the court. Appellee offered five instructions, all of which were given by the court. The giving of the first and third of appellee's instructions is assigned as error. The first instruction is:

"You are instructed, as a matter of law, that if you find, from the evidence, that the defendant has been guilty of negligence, and that such negligence caused the injury to the plaintiff's intestate complained of in the first, second, third and sixth counts of the amended declaration, or any one of said counts, and that before and at the time of such injury the plaintiff's intestate was in the exercise of ordinary care for his personal safety, then your verdict will be for the plaintiff."

The contention is that this instruction did not restrict the negligence for which the defendant can recover to that charged in those counts of the declaration. The first instruction is somewhat ambiguous, in that it does not clearly appear that the words "that such negligence caused the injury to the plaintiff's intestate" are limited by the negligence "complained of in the first, second, third and sixth counts of the amended declaration, or any one of said counts." The court instructed the jury of its own motion: "You are in-

structed that the instructions given you by the court must be taken and considered by you in one connected series," thus giving additional prominence to the rule of law that juries are presumed so to construe instructions, and in several of the instructions given on behalf of appellant it was stated unqualifiedly that before there could be a recovery appellant must have been guilty of some particular negligence charged in some count of the declaration submitted to the jury. As to the third instruction, all that has been said of the first applies to it.

The jury were fully instructed as to the law of this case, and taken as a series the instructions are clear and unequivocal, and the jury were not misled thereby.

Finding no reversible error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*