Mary E. Lecklieder, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,047.

EVIDENCE—*what not part of res gestae.* A statement by the plaintiff that the conductor "said that he caught my foot with his handle raising the lever and pulled me off; that is just what he said," is not competent as part of the *res gestae*, even though made within a minute after the accident complained of.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed July 14, 1908.

Statement by the Court. This is an action by appellee to recover for personal injuries, alleged to have been sustained while in the act of boarding one of appellant's electric street railway cars at or near the intersection of Halsted street and Archer avenue, Chicago. The accident occurred between the hours of five and six P. M. of November 2, 1904.

Appellee's testimony as to the way in which the accident occurred is that she was in company with her son, a man of mature age, and that the two started to get on a car which had stopped for passengers, she having hold of her son's arm. She states that the son "grabbed one side of the car and I grabbed on the other side of the handle and he mounted the car about a step ahead of me. Of course we were holding right together, and as I stepped my foot on the car and was just about to raise this one on the car, the car started very suddenly, and as it started very suddenly it pulled my hand, kind of loosened it, and the other one pulled off, I think if I can figure it straight—I can remember it perfectly—and that swung me down like and as I swung down something caught my foot." She fell on the street, receiving, it is claimed, the injuries complained of.

The declaration charges that plaintiff's foot was caught by a "certain iron switch handle * * * violently and negligently raised above said track and approaches thereto by a certain employe of the defendant in the performance of his duty, at the time plaintiff was attempting to enter said car," and that plaintiff was thereby caught by the foot and "violently and forcibly thrown upon the ground." It appears that the switch referred to was operated by a lever about three feet long which when lowered fitted into a small iron frame. The west end of the lever is said to have been about twelve inches from the east rail of the track.

Appellant's theory of the accident is that the conductor had raised the lever and was holding it to permit the car to continue its journey northward, and that

while he was so holding it and after the car on his signal had started smoothly in the usual manner, the plaintiff who was, it is said, then standing upon the east sidewalk in Halsted street, ran northwesterly towards the car and from behind the conductor, who had no notice or knowledge of her approach until she passed between him and the car and tripped and fell.

The cause was submitted to a jury and a verdict was rendered finding the defendant guilty and assessing plaintiff's damages at $2,250, upon which judgment for that amount was entered, from which defendant appeals.

WILLIAM J. HYNES, JAMES G. CONDON and WATSON J. FERRY, for appellant.

HORTON, BROWN & MILLER, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is sought to reverse the judgment upon the grounds that the verdict is not justified by the evidence, and is against its manifest preponderance, that there was error in the admission and exclusion of evidence and that the court erred in refusing instructions requested in defendant's behalf. There is conflict in the testimony and defendant's counsel in their briefs review it at length. As the cause must be retried because of what this court deems reversible error in the admission of evidence, we refrain from considering the objection that the evidence does not justify the verdict and that the latter is against the manifest preponderance of the evidence.

Upon her direct examination the plaintiff stated that when she fell on the street, the conductor and others picked her up. She was then asked to tell what happened and started to relate what she stated the conductor said. She was interrupted by an objection made by defendant's counsel and in reply to the objection her

counsel urged that "what the conductor said right
there is a part of the *res gestae.*" She was then asked
how long it was after she fell when the conductor said
what she had attempted to repeat and she testified that
it was "right away afterwards, just a minute;" that
it was "just a minute or two; I don't know as it was
that long; it was right away as quick as he could get
to me;" that "I don't believe it was a minute; it might
have been; that is my best recollection." She was
thereupon permitted over the objection and exception
of defendant's counsel to state that the conductor
"said that he caught my foot with his handle raising
the lever and pulled me off; that is just what he said."
It is insisted that this alleged declaration by the con-
ductor was no part of the *res gestae.* In this conten-
tion we concur. In C. &. N. W. Ry. Co. v. Fillmore,
57 Ill. 265-266, it was said to be error to allow the dec-
larations of the conductor of a train, "made after the
accident had happened, to be introduced to the jury;"
that "whatever knowledge the conductor has as to the
condition of the bridge at the time should have been
stated by himself." In C. W. D. Ry. Co. v. Becker,
128 Ill. 545-548, which was an action to recover for
personal injuries resulting in the death of a boy, it was
claimed that after the boy was thrown from a car and
injured he got up and walked to a sidewalk and sat
down, and that he then stated in answer to a question
that the conductor threw him off the car. The alleged
statements were admitted in evidence and the admis-
sion was held erroneous on the ground that "the dec-
larations were not a part of the *res gestae,*" that "they
were made after the injury was received." In Chicago
City Ry. Co. v. Uhter, 212 Ill. 174-183, it is said: "An
act or declaration can only be considered as a part of the
*res . gestae* when it illustrates, explains or interprets
other parts of the transaction of which it is itself a
part." Citing the Becker case, *supra.* In Pennsyl-
vania Company v. McCaffrey, 173 Ill. 169, where it
was held that a certain act was not a part of the *res*

*gestae* because it took place some time after the accident occurred, we said: "That which occurs before or after the act is done is not a part of the *res gestae,* although the interval of separation is very brief. See also Montag v. The People, 141 Ill. 75." In that case the court quotes with approval from Greenleaf on Evidence, Vol. 1, Sec. 108, as follows: "The principal points of contention are whether the circumstances and declaration offered in proof were contemporaneous with the main fact under consideration and whether they were so connected with it as to illustrate its character." In the case at bar, as was said in Chicago City Ry. Co. v. White, 110 Ill. App. 23-25, we are of opinion that the declaration referred to, alleged to have been made after the accident had occurred, cannot be regarded as a part of the *res gestae;* that "it was history and not a part of the accident." Counsel for plaintiff cite among other cases claimed to support the contention that the alleged declaration under consideration was properly admitted as part of the *res gestae* Springfield Consolidated Ry. Co. vs. Hoeffner, 71 Ill. App. 162, the same case in 175 Ill. 634-643, and Springfield Consol'd Ry. v. Welsch, 155 Ill. 511. The conditions and the nature of the declaration alleged to have been made by the conductor in the case at bar differ materially from the statements held *res gestae* in those cases. In the Welsch case, moreover, the declaration of the motorman that "he could not reverse the car" as a reason why he did not stop it, had a direct bearing on the question of the defendant's negligence, while the alleged statement in the case at bar to the effect that the conductor said he caught the plaintiff's foot by raising the lever and pulled her off, do not relate to any defect in machinery but solely to an alleged explanation of an alleged act of the conductor himself. Such explanation made after the plaintiff's fall appears in the nature of an apology to the plaintiff. It does not purport to be given in the exact words of the conductor, and a part of it at least—"pulled me off"

—apparently purports to state a conclusion of the conductor formed as well as expressed after the accident had occurred. The alleged statement was, as said in Springfield Consol. Ry. Co. vs. Puntenney, 101 Ill. App. 95-98, "at best a mere recital of what had occurred, and its binding character as *res gestae* is therefore lost."

For the reasons indicated the judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*

REPORTERS' NOTE. THE DOCTRINE OF RES GESTAE.

The test applied as to whether a declaration is part of the *res gestae* is: Does it illustrate, explain, or interpret other parts of the transaction of which it is itself a part, or is it merely the history of a completed, past transaction? O. & M. Ry. Co. v. Cullison, 40 Ill. App. 67; Lamb v. Kerrens-Donnewald Coal Co., 140 Ill. App. 195; C. & E. I. R. R. Co. v. Chancellor, 165 Ill. 438; City of Chicago v. McKechney, 205 Ill. 372; Chicago City Ry. Co. v. Uhter, 212 Ill. 174. But concurrence in time alone, nor separation in time alone, is not the test. Lamb v. Kerrens-Donnewald Coal Co., *supra;* Chi. Union Traction Co. v. Brethauer, 125 Ill. App. 204 (aff. 223 Ill. 521). In fact, there is no inflexible rule fixing the time within which a statement must be made to make it part of the *res gestae;* if the exclamations of pain and the statements of the injured party explaining and characterizing the manner in which the accident occurred, are substantially concurrent with the shock occasioned by the collision, and there is no time for deliberate fabrication, they are part of the *res gestae.* East St. Louis, etc. Ry. Co. v. Allen, 54 Ill. App. 27; Muren, etc. Co. v. Howell, 107 Ill. App. 1 (aff. 217 Ill. 190). In Pennsylvania Co. v. McCaffrey, 173 Ill. 169, cited in the opinion, it was said that a declaration made before or after the accident is not part of the *res gestae,* although the interval of separation is very brief. Elguth v. Grueszka, 57 Ill. App. 193; Chi. Union Traction Co. v. Lowenrosen, 125 Ill. App. 194 (aff. 222 Ill. 506). Indeed, a declaration made a minute or more after the transaction in question is inadmissible. Boyd v. W. Chi. St. Ry. Co., 112 Ill. App. 50. So declarations of the injured person made hours after his injury, as to its cause, are not part of the *res gestae.* Globe Accident Ins. Co. v. Gerisch, 163 Ill. 625. A conversation had with the foreman under whom deceased worked, about a week after the death of deceased, and a conversation with the foreman before the injury which caused the death occurred, are not a part of the *res gestae.* Swift & Co. v. Griffin, 109 Ill. App. 414. A declaration of a fellow-

servant of the plaintiff, subsequent to the injury, that he was responsible therefor, is not admissible as part of the *res gestae*. Hellmuth v. Katschke, 35 Ill. App. 21. A statement by the plaintiff in the presence of a conductor, just after the injury, in answer to the question how the accident happened, that "he (meaning the conductor) let me fall," is not admissible as part of the *res gestae*. C., B. & Q. R. R. Co. v. Johnson, 36 Ill. App. 564. In an action for causing the death of a person, statements of the deceased as to the manner in which he received his injury and the cause of it, made after the injury was received, with consciousness of impending death, are not admissible on such ground. C. & N. W. Ry. Co. v. Howard, 6 Ill. App. 569. Declarations of an agent are admissible only when part of the *res gestae*, or when they accompany and are a part of the act performed on behalf of the principal, within the scope of his agency. W. St. L. & P. Ry. Co. v. Fenton, 12 Ill. App. 417; McCarthy v. Muir, 50 Ill. App. 510; East St. Louis, etc. Ry. Co. v. Allen, 54 Ill. App. 27; D. & H. Canal Co. v. Mitchell, 92 Ill. App. 577; C. & E. I. R. R. Co. v. Keegan, 112 Ill. App. 338. Admissions by a conductor of a train made after the accident occurred, are inadmissible. H. & St. J. R. R. Co. v. Martin, 11 Ill. App. 386; C. & A. Ry. Co. v. Fietsam, 19 Ill. App. 551; Gould v. Aurora, Elgin & Chicago Ry. Co., 141 Ill. App. 344. However, declarations made at the time of the accident are admissible. East St. Louis Ry. Co. v. Allen, *supra;* Muren Coal & Ice Co. v. Howell, 217 Ill. 190; Springfield Consolidated Ry. Co. v. Hoeffner, 175 Ill. 634. On this principle, in an action of unlawful ejectment from a street car, all that was said and done by the conductor in making such ejection is competent as part of the *res gestae*. Chi. Union Traction Co. v. McClevey, 126 Ill. App. 21; Chi. Union Traction Co. v. Brethauer, 223 Ill. 521; and generally whatever took place at the car where the accident occurred is part of the *res gestae* and properly admitted in evidence (E. St. L. Ry. Co. v. Burns, 77 Ill. App. 529), although it may appear that other persons than the plaintiff were injured. West Chicago St. Ry. Co. v. Kennelly, 170 Ill. 508; Galena & Chicago R. R. Co. v. Fay, 16 Ill. 558. A motorman's treatment of a sign of danger and his remark in connection therewith made almost contemporaneous with the accident, are parts of the *res gestae*. Chi. City Ry. Co. v. McDonough, 221 Ill. 69. In an action by a party injured in a collision, declarations of the conductor in charge of the train as to the precautions he had taken to guard against the danger of collision, and made on the eve thereof, are admissible as part of the *res gestae*. C. & E. R. R. Co. v. Holland, 122 Ill. 461. The action of the court in admitting statements of the driver of a street car just after the car was stopped and while the plaintiff was under it, is supportable under the doctrine of *res gestae*. Quincy Horse Ry. Co. v.

Gnuse, 137 Ill. 264. But it seems the statement in the last cited case was one showing the driver was then drunk and not a statement of anything which had before happened, for see Elguth v. Grueszka, *supra.* Declarations of pain and suffering are competent only when part of the *res gestae* or when made to the physician during treatment or an examination prior, thereto and without reference to the bringing of an action for the recovery of damages for the injury, unless the examination should be made at the instance of the defendant with a view to a trial. I. C. R. R. Co. v. Sutton, 42 Ill. 438; Chicago City Ry. Co. v. Mauger, 128 App. 512; West Chicago St. Ry. Co. v. Kennelly, *supra;* Lake St. El. Ry. Co. v. Shaw, 203 Ill. 39; Chicago City Ry. Co. v. Bundy, 210 Ill. 39; Greinke v. C. C. Ry. Co., 234 Ill. 564. A statement made to a physician with a view to enabling him to become a witness, is inadmissible. Thus, a statement made shortly before the trial: "She tells me she suffers pain," is inadmissible. Bates Machine Co. v. Crowley, 115 Ill. App. 540; West Chi. St. R. R. Co. v. Carr, 170 Ill. 478; City of Chicago v. McNally, 227 Ill. 14; Chi. Union Traction Co. v. Giese, 229 Ill. 260; Shaughnessy v. Holt, 236 Ill. 485. On the other hand statements of the plaintiff made to a physician, describing her condition during actual treatment, and in direct connection therewith, are admissible. Chi. City Ry. Co. v. Bundy, 210 Ill. 39. But declarations by the plaintiff to a physician made three years after the injury, and while not under such physician's care, are inadmissible. City of Aurora v. Plummer, 122 App. 143; C. & E. I. R. R. Co. v. Donworth, 203 Ill. 192. Groans and exclamations of the injured party are not part of the *res gestae* and are incompetent. Donnelly v. Chi. City Ry. Co., 131 Ill. App. 302. Declarations made by the injured person to his attending physician are admissible when they relate to the injured part of his body, his sufferings, symptoms and the like, but not if they relate to the cause of his injury. Globe Accident Ins. Co. v. Gerisch, *supra.*